**Bernard Young SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7173.**

United States Court of Appeals
Tenth Circuit.

Jan. 25, 1963.

---

James E. Carpenter, Denver, Colo. (Bernard Young Smith filed a brief pro se), for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

On July 28, 1954, the appellant, Smith, pleaded guilty to a five-count indictment, and was sentenced on each count to serve consecutive sentences. Counts two and three grew out of an occasion on which Smith was alleged to have broken and entered a United States Post Office with intent to steal property of the United States. The indictment, in separate counts, charged the offense of breaking and entering the post office with intent to commit larceny, and also the offense of stealing money or property of the United States. The fifth count charged a violation of Section 2(e) of the Federal Firearms Act, 52 Stat. 1250 (1938), 15 U.S.C. § 902(e), by alleging that Smith, having theretofore been convicted of a crime of violence, transported an automatic pistol in interstate commerce. In this proceeding, under 28 U.S.C. § 2255, Smith attacks the validity of the judgments and sentences on counts two and three, contending that only one crime was committed for which he could be sentenced. As to the fifth count, it is asserted that the conviction of a crime of violence occurred before the enactment of the Federal Firearms Act, and could not be relied upon in enforcing the statute, because of the Constitutional prohibition against the passage of any ex post facto law. The trial court denied Smith's motion.

Section 2115 of Title 18, U.S.C., provides that whoever forceably breaks into any post office, or building used in whole or in part as a post office, with intent to commit larceny or other depredation, shall be fined not more than $1000 or imprisoned not more than 5 years, or both. Section 641 of Title 18, U.S.C., makes the embezzlement or theft of government property an offense. In Macomber v. Hudspeth, 10 Cir., 115 F.2d 114, the defendants were convicted of violating 18 U.S.C. § 2115 and 18 U.S.C. § 1707, which is identical in principle to 18 U.S.C. § 641. We held, citing Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, that "[e]ven though committed at the same time, the two offenses were distinct [and] were properly laid as separate counts in the indictment," thus subjecting the defendants to the maximum sentence authorized by statute on each count. Smith relies upon Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, in which the Supreme Court held, in construing the Bank Robbery Act, 18 U.S.C. § 2113, that the legislative history of that Act compelled a conclusion that Congress did not intend that a person could be punished for two separate crimes when a bank was entered and property was stolen therefrom. The decision refers to Morgan v. Devine, supra, and distinguishes it. Cf. Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505.

There is no merit to the contention that Section 2(e) of the Federal

Firearms Act is unconstitutional as an ex post facto law when applied to one who has been convicted of a crime of violence prior to the passage of the Act. Paragraph three of Article I, Section 9, of the Constitution, prohibiting the passage of ex post facto laws, does not prevent the regulation by Congress of conduct, which it has the power to regulate, even though subjection to the regulation depends upon behavior occurring before the enactment of the statute. Cases v. United States, 1 Cir., 131 F.2d 916, cert. denied Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718.

Affirmed.

Jones, Circuit Judge, dissented.