**UNITED STATES of America,
Plaintiff,**

v.

**Lester Clifford LEE, Defendant.
Crim. No. 9019.**

United States District Court
D. North Dakota,
Southeastern Division.
March 20, 1964.

Richard V. Boulger, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Lyle Huseby, Fargo, N. D., for defendant.

RONALD N. DAVIES, District Judge.

The above-entitled Defendant has filed a motion to dismiss the indictment charging that he, being a person convicted of a crime punishable by imprisonment for a term exceeding one year, transported in interstate commerce a firearm in violation of Title 15 U.S.C. § 902.

The grounds upon which the Defendant has based his motion are: (1) That it does not state facts sufficient to constitute an offense against the United States, (2) That a court-martial conviction of carnal knowledge and sodomy is neither a conviction of a crime of violence nor a conviction of a crime punishable by imprisonment for a term of one year, and (3) That Subsection (e) of § 902 of Title 15 is, as applied to the facts of this indictment, unconstitutional as an *ex post facto* law.

 Grounds (1) and (3) may be disposed of without difficulty. The test as to the sufficiency of the indictment is whether it can reasonably be said to have informed the Defendant of the charge against him so that he may prepare his defense thereto and plead the judgment thereon as a bar to any further proceedings against him for the same offense. The indictment in this case meets the test. Portnoy v. United States, (1 Cir.), 316 F.2d 486. Nor is the provision of the Section referred to, making it an offense to transport a firearm in interstate commerce by one who has been convicted of a crime punishable by imprisonment for a term exceeding one year, an *ex post facto* law. Smith v. United States, (10 Cir.), 312 F.2d 119.

It is the second ground for dismissal that causes this Court concern. To state the matter succinctly: Is a court-martial "conviction" a conviction of a crime within the meaning of § 902(e) of the statute? Neither counsel for the Defendant nor the Government has cited any authority directly in point. It is the Defendant's contention that "conviction" as used in this Section relates only to convictions in a state or Federal court as distinguished from a military court.

That a distinction exists there can be little doubt, the difference being graphically stated by Mr. Justice Black, speaking for the United States Supreme Court, in Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8:

"We find nothing in the history or constitutional treatment of military tribunals which entitles them to rank along with Article III courts as adjudicators of the guilt or innocence of people charged with offenses for which they can be deprived of their life, liberty or property. Unlike courts, it is the primary business of armies and navies to fight or be ready to fight wars should the occasion arise. But trial of soldiers to maintain discipline is merely incidental to an army's primary fighting function. To the extent that those responsible for performance of this primary function are diverted from it by the necessity of trying cases, the basic fighting purpose of armies is not served. And conceding to military personnel that high degree of honesty and sense of justice which nearly all of them undoubtedly have, it still remains true that military tribunals have not been and probably never can be constituted in such way that they can have the same kind of qualifications that the Constitution has deemed essential to fair trials of civilians in federal courts. For instance, the Constitution does not provide life tenure for those performing judicial functions in military trials. They are appointed by military commanders and may be removed at will. Nor does the Constitution protect their salaries as it does judicial salaries. Strides have been made toward making courts-martial less subject to the will of the executive department which appoints, supervises and ultimately controls them. But from the very nature of things, courts have more independence in passing on the life and liberty of people than do military tribunals.

"Moreover, there is a great difference between trial by jury and trial by selected members of the military forces. It is true that military personnel because of their training and experience may be especially competent to try soldiers for infractions of military rules. Such training is no doubt particularly important where an offense charged against a soldier is purely military, such as disobedience of an order, leaving post, etc. But whether right or wrong, the premise underlying the constitutional method for determining guilt or innocence in federal courts is that laymen are better than specialists to perform this task. This idea is inherent in the institution of trial by jury.

"Juries fairly chosen from different walks of life bring into the jury box a variety of different experiences, feelings, intuitions and habits. Such juries may reach completely different conclusions than would be reached by specialists in any single field, including specialists in the military field. On many occasions, fully known to the founders of this country, jurors—plain people—have manfully stood up in defense of liberty against the importunities of judges and despite prevailing hysteria and prejudices. The acquittal of William Penn is an illustrious example. Unfortunately, instances could also be cited where jurors have themselves betrayed the cause of justice by verdicts based on prejudice or pressures. In such circumstances independent trial judges and independent appellate judges have a most important place under our constitutional plan since they have power to set aside convictions.[14]"

"14. See II Wilson's Works (Andrews ed. 1896) 222."

This Court concludes that "[i]f a court-martial has jurisdiction to try an officer or soldier for a crime, its judgment will be accorded the finality and conclusiveness as to the issues involved which attend the judgments of a civil court in a case of which it may legally take cognizance." Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L. Ed. 1084; Osborn v. United States, (5 Cir.), 322 F.2d 835; United States v. Price, (3 Cir.), 258 F.2d 918.

 The motion to dismiss being based on the theory that the prior conviction was that of a military court-martial and the state of the law being that where a court-martial has jurisdiction its judgment has the finality and conclusiveness as the judgments of a civil court, and the Court being of the opinion that the court-martial conviction falls within the ambit of the term "conviction" as used in § 902(e) of the statute, the Defendant's motion to dismiss the indictment must be and is hereby denied.