351 F.2d 32
 Dr. Andrew C. IVY, Plaintiff-Appellant,
v.
Nicholas KATZENBACH, Attorney General of the United States, and Edward V. Hanrahan, United States Attorney for the Northern District of Illinois, Defendants-Appellees.
 No. 15094.
 United States Court of Appeals Seventh Circuit.
 September 22, 1965.
 Certiorari Denied December 13, 1965.
 
 See 86 S.Ct. 437.
 Melvin L. Klafter, Leonard R. Hartenfeld, Chicago, Ill., for appellant.
 Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Thomas W. James, Asst. U. S. Attys., Chicago, Ill., William W. Goodrich, Asst. Gen. Counsel, Joanne S. Sisk, Atty., Dept. of Health, Education, and Welfare, Washington, D. C., for appellees.
 Before CASTLE, KILEY, and SWYGERT, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 The plaintiff-appellant, Dr. Andrew C. Ivy, brought suit in the District Court against Nicholas Katzenbach, Attorney General of the United States, and Edward V. Hanrahan, United States Attorney for the Northern District of Illinois, the defendants-appellees, seeking to enjoin them from proceeding against him in a pending criminal cause and for the appointment of an impartial medical commission to make a court supervised clinical test of the efficacy of the drug Krebiozen in the treatment of cancer. Plaintiff's complaint was filed subsequent to the return of the indictment, but prior to the commencement of the criminal trial.[1] Defendants' motion to dismiss on the ground that the complaint does not state a claim on which relief can be granted was allowed and the action was dismissed. Plaintiff appealed.
 
 
 2
 The prosecution sought to be restrained involves an indictment charging Dr. Ivy, together with three individual and one corporate co-defendants, with conspiracy in violation of 18 U.S.C.A. § 371. Dr. Ivy is named in additional substantive counts, alleged to be overt acts in furtherance of the conspiracy, which charge violations of 18 U.S.C.A. § 1001 (filing false information with agencies of the government), violations of 18 U.S.C.A. § 1341 (use of the mails in furtherance of a scheme to defraud), and violations of the Federal Food, Drug, and Cosmetic Act (21 U.S. C.A. § 301 et seq.).
 
 
 3
 Plaintiff's complaint alleges in substance that plaintiff is a medical scientist of outstanding reputation who has been engaged, since approximately 1950, in experimental studies on the drug Krebiozen; his study and the reports of physicians submitted to him have demonstrated to his satisfaction that Krebiozen has produced favorable results as an anti-cancer agent and is useful in alleviating the pain usually present in terminal cases; plaintiff, as scientific adviser to the Krebiozen Research Foundation, has never received any remuneration for his advice, and has never submitted any applications to the United States with the object of becoming a sponsor or manufacturer of the drug; he has a mandate from the Illinois legislature to conduct research and investigation on Krebiozen; the gist of the indictment against him is that Krebiozen is a fake cancer drug; the indictment is based upon reports of the National Cancer Institute and the Food and Drug Administration which are erroneous; the only way to prove whether Krebiozen is an effective treatment for cancer is by clinical test which no Federal agency has undertaken; the Secretary of Health, Education, and Welfare by persisting in the view that Krebiozen is a fake, by refusing to acknowledge that there is a difference of opinion about the drug's merits, and by refusing to conduct a clinical test, has caused the dissemination of adverse publicity and is acting arbitrarily and far beyond the exercise of administrative prerogative, and has, through his agents, discouraged physicians from prescribing Krebiozen by implied threats of reprisal by medical associations or the government, and has attempted to discourage patients from using the drug; this conduct of the Secretary has caused Ivy to lose prestige as a professional man, and his rights to practice medicine, to conduct research, and to teach and advocate ideas have been infringed; plaintiff has a legal and moral right to use any drug he regards as safe in treating cancer patients and is compelled to continue to use Krebiozen, which can only result in a multiplicity of civil and criminal actions; only a court of equity, and not a jury, can intelligently determine whether Krebiozen is a fake cancer drug and this determination can only be made after a court supervised clinical test; and that to require plaintiff to defend himself in the criminal trial without a prior clinical test of the drug will deprive him of due process of law. The complaint asserts that the acts complained of violate rights guaranteed to the plaintiff by the 1st, 5th and 6th Amendments to the Constitution of the United States.
 
 
 4
 The complaint does not challenge the constitutional validity of any of the statutes the indictment charges the plaintiff with violating nor is any allegation made that either of the defendants sought to be restrained is acting other than within the discretionary scope of his duties concerning enforcement of the laws. Apart from the question of the sufficiency of any of the factual allegations made with respect to the actions and conduct of the Secretary of Health, Education, and Welfare to present an issue involving the infringement of any constitutional right of the plaintiff, we perceive no basis either from the averments of the complaint or the applicable law for imputing to the defendants the alleged conduct of the Secretary. And, plaintiff's reliance upon Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570 as a controlling precedent for the making of such imputation is wholly inapposite.
 
 
 5
 We are unpersuaded by the plaintiff's contention that a trial prior to an impartial clinical test of the efficacy of Krebiozen in the treatment of cancer would violate his 5th and 6th Amendment rights to a "fair trial" and "due process of law" for the reason that resolution of the efficacy issue presented by some of the counts of the indictment involves matter beyond the intelligence and comprehension of a jury and the complaint thus presents a basis for the injunctive relief sought. In this connection the memorandum opinion filed by the district judge discerningly and aptly points out:
 
 
 6
 "Plaintiff's constitutional rights to a fair trial will be protected by the court in the criminal trial. Juries are called every day to determine problems which are not within the scope of their prior knowledge and experience; in these cases, the expert witness is used to bridge the gap between the known and the unknown. Expert witnesses in criminal trials are commonplace; the mere fact that the issues of a case may be complex or confusing to a jury does not mean that they must remain so — the prosecution must clarify the facts in order to present its charges properly. The complexity of the subject matter of a lawsuit cannot be raised to a constitutional issue in advance of its presentation in that lawsuit."
 
 
 7
 Mere complexity of factual issues to be determined by the jury in a criminal case is not a constitutional basis for precluding the trial.
 
 
 8
 We agree with the District Court that, contrary to the contentions of the plaintiff, the allegations of the complaint do not present one of those rare instances where considerations like those found in cases such as Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, and Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714, require that equity should intervene to restrain a pending criminal prosecution. We conclude that the rationale of Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, is applicable here, and in the language of Dombrowski (380 U.S. p. 485, 85 S.Ct. p. 1120) there are "no special circumstances to warrant cutting short the normal adjudication of constitutional defenses in the course of a criminal prosecution."
 
 
 9
 The judgment order appealed from is affirmed.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 At the time of the preparation of this opinion the criminal trial was still in progress