414 P.2d 162

**The STATE of Arizona, Appellant,**

v.

**James NOEL, Jr., Appellee.**

**No. 2 CA–CR 51.**

Court of Appeals of Arizona.

May 13, 1966.

Rehearing Denied June 22, 1966.

Review Denied Sept. 27, 1966.

Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., William J. Schafer, III, Deputy County Atty., Pima County, Horton C. Weiss, Deputy County Atty., Pima County, Tucson, for appellant.

Dunseath, Stubbs & Burch, by Dean Burch, Tucson, for appellee.

KRUCKER, Chief Judge.

An information was filed on August 27 1965, in the Superior Court of Pima County, Arizona, charging the defendant (appellee herein), James Noel, Jr., with the crime of possession of a pistol, under the provisions of A.R.S. § 13–919. The facts are not disputed. Briefly, the defendant had been sentenced to the Arizona State Prison for robbery in June 1960, completed his prison term, and was discharged from the prison. Thereafter defendant purchased a pistol in a store in Tucson, Arizona, and an information was thereafter filed, the charging portion reading as follows:

" * * * That on or about the 6th day of April, 1965, and in Pima County, Arizona and before the filing of this Information, the said James Noel, Jr., having previously been convicted of the crime of Robbery on or about the 30th day of June, 1960, in the Superior Court of the State of Arizona in and for the County of Pima, did have in his possession a .22 caliber pistol, six-shot Vest-pocket brand, all in violation of A.R.S. § 13–919."

A motion to quash the information was filed and granted and the State takes this appeal.

Appellee concedes that in fairness to the trial court the sole basis for granting the motion to quash was that the court held that the defendant had, by law, regained full status as a citizen. The only question to be decided by the court is whether or not the court had jurisdiction over the defendant by virtue of the defendant's status, having served his term for the prior conviction. The statute in question, A.R.S. § 13–919, in part reads as follows:

"A. It is unlawful for a person who has been convicted of a crime of violence in any court of the United States, its territories, districts or possessions, or of the several states, to possess a pistol, unless such person has been pardoned for such crime *or has by law regained full status as a citizen.*" (Emphasis supplied)

It is necessary also to consider the provisions of another statute of this state, which is in pari materia, A.R.S. § 13–1653, which provides as follows:

"A. *A sentence of imprisonment in the state prison for any term less than life suspends the civil rights of the person so sentenced,* and forfeits all public offices and private trusts, authority or power during such imprisonment.

"B. A person sentenced to imprisonment in the state prison for life is thereafter deemed civilly dead.

"C. Persons sentenced to imprisonment in the state prison for any term shall not thereby be rendered incompetent as witnesses upon the trial of a criminal action or proceedings, or incapable of making and acknowledging a sale or conveyance of property.

"D. The person of a prisoner sentenced to imprisonment in the state prison is under the protection of the law, and any injury to his person, not authorized by law, is punishable in the same manner as if he was not convicted and sentenced.

"E. The conviction of a person for crime shall not work forfeiture of any property, except where a forfeiture is expressly imposed by law. All forfeitures to the state, unless expressly imposed by law are abolished." (Emphasis supplied)

As noted, we are confronted with the issue of interpreting the term "regained full status as a citizen", as contained in A.R.S. § 13–919. We find no statutory procedure for the restoration of "full status as a citizen" other than by a pardon. No pardon has been sought or proceeding taken to secure a pardon.

■ We must consider the constitutionality of the statute, its purpose and the intention of the legislature in enacting A.R.S. § 13–919. The constitutionality of statutes of this nature has been upheld in decisions of the federal courts, as well as in state courts. It has been held that the Federal Fire Arms Act, 15 U.S.C.A. § 902(a), (f) does not violate the United States Constitution (1) by infringing the right of people to keep and bear arms; (2) does not deny due process of law; (3) as an ex post facto law as applied to one who has been convicted of crimes punishable by imprisonment prior to the passage of the Act on the grounds that it imposes an additional penalty for such crime. Cases v. United States, 1 Cir., 131 F.2d 916 (1942), cert. denied 63 S.Ct. 1431, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718 (1943). See also Smith v. United States, 10 Cir., 312 F.2d 119 (1963); United States v. Lee, 227 F.Supp. 450 (D.

N.Dak.1964). Davis v. State, 377 P.2d 226 (Okl.Cr.1962); Renfro v. State, 372 P. 2d 45 (Okl.Cr.1962); State v. Robinson, 217 Or. 612, 343 P.2d 886 (1959); Pettus v. Cranor, 41 Wash.2d 567, 250 P.2d 542 (1952), cert. denied 345 U.S. 967, 73 S.Ct. 954, 97 L.Ed. 1385 (1953); People v. Garcia, 97 Cal.App.2d 733, 218 P.2d 837 (1950); State v. Krantz, 24 Wash.2d 350, 164 P.2d 453 (1945); State v. Tully, 198 Wash. 605, 89 P.2d 517 (1939); People v. James, 71 Cal.App. 374, 235 P. 81 (1925).

The purpose and intent of the legislature in enacting A.R.S. § 13–919 appears reasonably clear. The statute is obviously intended to protect the public from the potential danger incident to the possession of a pistol by a person who has been previously convicted of a crime of violence as defined in this statute. It also appears reasonably clear that the legislature intended such public protection to continue by proscribing certain felons or ex-felons from possessing a pistol until such time as they have "regained full status as a citizen".

■ The phrase "full status as a citizen" includes much more than just enjoyment of civil rights. There are many aspects and rights of citizenship which are denied the convicted felon by virtue of specific statutory provisions. Some of these are:

1. The right to vote, Art. VII, § 2, Constitution of State of Arizona, A.R.S.

2. A Beauty Culture Certificate, A.R.S. § 32–553.

3. Certificate as a Certified Public Accountant, A.R.S. § 32–741.

4. Jury duty, Criminal Rule 219, 17 A.R.S. and A.R.S. § 21–201.

5. Contractors License, A.R.S. § 32–1154.

6. Being a Dental Board Member, A.R.S. § 32–1204.

7. Dentist's License, A.R.S. § 32–1263.

8. Nursing License, A.R.S. § 32–1663.

9. Pharmacist's License, A.R.S. § 32–1927.

10. Real Estate License, A.R.S. § 32–2153.

11. The right to hold public office, A.R.S. § 38–291.

12. Veterinarian License, A.R.S. § 32–2241.

13. Practice of Law, A.R.S. §§ 32–267, 32–272, 32–273.

An interesting comparison is the Florida statute, § 790.23, F.S.A. which provides in part:

> "(2) This section shall not apply to a person having been convicted of a felony whose civil rights have been restored."

■ The Arizona legislature could have used the language of the Florida statute but chose, in A.R.S. § 13–1653, to suspend "civil rights during such imprisonment" and in A.R.S. § 13–919 used the term "full status as a citizen" and we hold this to be a clear intent to make the latter statute applicable to persons in the category of the defendant. Any other interpretation would tend to defeat the purpose of A.R.S. § 13–919. It is well known that there is some tendency to incarcerate the more dangerous felons and grant probation to less dangerous ones. There is also a tendency to refuse parole to the more dangerous convicts. If A.R.S. § 13–919 were to be applied only to convicted felons who had not served their full term, it would obviously fail in its prime objective.

■ Having held that the information stated an offense, we hold that on the trial of this case the trial court should have some guidance as to the burden of proof on the question of whether or not the accused has regained full status as a citizen. The prosecution is not required to negate the contention that the accused has regained full status as a citizen. The burden is on the accused to prove that he has regained such status. Benitez v. State, 172 So.2d 520 (Fla. App.1965).

The order of the Superior Court of Pima County quashing the information is set aside and vacated and the Superior Court of Pima County is directed to try the defendant on the information filed.

HATHAWAY and MOLLOY, JJ., concur.