**H. Rap BROWN and Student Nonviolent Coordinating Committee**

**v.**

**Ramsey CLARK, Attorney General of the United States et al.**

**Civ. A. No. 67-1278.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 5, 1967.

Murphy W. Bell, Baton Rouge, La., William Kunstler, New York City, Howard Moore, Jr., Atlanta, Ga., for plaintiff.

Louis C. LaCour, U. S. Atty., John C. Ciolino, Asst. U. S. Atty., William Gershuny, Dept. of Justice, Washington, D. C., William Schuler, Thomas McFerrin, Asst. Attys. Gen., State of La., New Orleans, La., for defendant.

## FINDINGS OF FACT

### I

MITCHELL, District Judge.

This is a class action by the Student Nonviolent Coordinating Committee, and its chairman, H. Rap Brown, on behalf of "all black people of the United States of America similarly situated" to restrain the enforcement of the Federal Firearms Act, specifically, Title 15 U.S.C. § 902(e) as amended in 1961, and certain statutes of the State of Louisiana, specifically, L.R.S. 14:113 and 14:115, against H. Rap Brown and, in addition, to restrain defendants "from impeding, intimidating, hindering and preventing plaintiffs, or their members, friends and supporters, as well as black Americans throughout the United States", from exercising their constitutional rights and from attaining freedom and equality.

### II

On August 22, 1967, an indictment, designated as Criminal No. 20966, was returned in this Court against Brown, charging him, in two counts, with violation of Section 902(e) of Title 15, United States Code, by transporting an M-1 carbine on a commercial airliner, on interstate flights, while under indictment in the State of Maryland for arson and inciting to riot. On September 8, 1967, Brown entered a plea of not guilty to the federal indictment and was given thirty days within which to file preliminary motions.

### III

This civil action was instituted on September 8, 1967, and plaintiffs filed motions for a restraining order and for the convening of a three-judge court pursuant to the provisions of 28 U.S.C. §§ 2281, 2282 and 2284. Section 902(e) of Title 15, United States Code, is alleged to be unconstitutional, as violating the Second and Fifth Amendments to the Constitution of the United States. Louisiana Revised Statutes, 14:113 and 14:115 are alleged to be unconstitutional and violative of the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

### IV

Plaintiffs do not allege that the federal defendants threaten multiple prosecutions arising out of Brown's transporting the weapon in interstate commerce,

that Brown is threatened with any injury other than that incidental to every criminal proceeding, or that Brown's constitutional rights cannot be vindicated and/or protected in the criminal proceeding pending in this Court.

## CONCLUSIONS OF LAW

### I

The constitutional questions raised in the complaint are "wholly insubstantial, legally speaking non-existent". The three-judge requirement is a technical one to be narrowly construed. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

### II

Federal firearms legislation, in general, and Section 902(e) of Title 15, United States Code, in particular, have been declared to be constitutional on many occasions. Cases v. United States, 131 F.2d 916 (CA 1–1942) cert. den., Cases Velazquez v. United States, 319 U. S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718; Smith v. United States, 312 F.2d 119 (CA 10–1963); United States v. Lee, 227 F. Supp. 450 (D.N.D.–1964); United States v. DePugh, 266 F.Supp. 453 (W.D.Mo.–1967).

### III

A three-judge court should not be convened to determine if L.R.S. 14:113 and 14:115 are pre-empted by federal law. Swift & Co. v. Wickham, 382 U.S. 111, 112, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

### IV

The actions prohibited by Louisiana law are not such as would prohibit a constitutional exercise of freedom of expression such as contemplated by the court in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

### V

The complaint alleges no special circumstances, such as found to exist in Dombrowski v. Pfister, supra, to warrant cutting short the normal adjudication of constitutional defenses in the course of the pending criminal prosecution. Ivy v. Katzenbach, 351 F.2d 32 (CA 7–1965), cert. den., 382 U.S. 958, 86 S.Ct. 437, 15 L.Ed.2d 362.

### VI

This Court lacks jurisdiction to enjoin a criminal prosecution. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).

### VII

The action is dismissed, sua sponte. In view of this holding, the court is not called upon to reach the issue of convening a three-judge court. Nonetheless, in order to make its position crystal clear, the Court will state that the plaintiff's motion for the convening of a three-judge court would have been denied had the issue been reached.

Let judgment be entered accordingly.