**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Glen Andrew VIRDEN, Defendant-Appellant.**

**No. 28683.**

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1970.

Rehearing Denied Dec. 9, 1970.

Gabriel Nahas, Jr., Houston, Tex., for defendant-appellant; King C. Haynie, Raeburn Norris, Houston, Tex., of counsel.

Anthony J. P. Farris, U. S. Atty., Malcolm R. Dimmitt, James R. Gough,

**1206**

Theo Pinson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

The appellant, Glen Andrew Virden, was charged in an indictment of three counts with the offenses that, being a person who had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, he unlawfully (1) transported a Norwegian chrome plate 11.25 mm 1.45 caliber automatic pistol in interstate commerce from Houston, Texas to Phoenix, Arizona; (2) caused the same firearm to be shipped back from Phoenix to Houston together with another firearm, an Astra 9 mm. automatic pistol; and (3) received these firearms in Houston, knowing them to have been transported unlawfully from Phoenix, all in violation of 15 U.S.C.A. § 902(e) and (f) and 905(a). He was acquitted on the first count but convicted on the latter two.

The statutes codified as §§ 902 and 905 of Title 15 have, subsequent to the offenses here charged, been repealed, and the crimes of the nature involved are now covered by 18 U.S.C. §§ 922–924. The prosecution survives, however, by virtue of the Act of July 30, 1947, c. 388, § 1, 61 Stat. 633 (Title 1 U.S.C. § 109).

The evidence of record, if believed by a jury, as it was on two counts, is sufficient to support the convictions.

Counsel for appellant has diligently raised and vigorously argued many assertions of error. We find these contentions to have been settled adversely to Virden by Smith v. United States, 10 Cir., 1963, 312 F.2d 119, and DePugh v. United States, 8 Cir., 1968, 393 F.2d

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

367, cert, den. 393 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d 102.

The judgment of the District Court is Affirmed.