FILED BY CLERK

MAY 25 2005

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2 CA-SA 2005-0018 |
| HON. VIRGINIA KELLY, Judge of the | ) | DEPARTMENT A |
| Superior Court of the State of Arizona, | ) | |
| in and for the County of Pima, | ) | O P I N I O N |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SEYMOUR JAMEEL ABDULLAH, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR-20042176

RELIEF GRANTED

Barbara LaWall, Pima County Attorney
  By Taren M. Ellis
Tucson
Attorneys for Petitioner

Seymour Jameel Abdullah
Tucson
In Propria Persona

B R A M M E R, Judge.

¶1	The State of Arizona seeks special action relief from the respondent judge's order, entered in the underlying criminal prosecution of real party in interest Seymour Abdullah for unlawful possession of a firearm by a prohibited possessor, ascribing to the state the burden of proving Abdullah's right to possess firearms has not been restored. For the following reasons, we accept jurisdiction and grant relief.

¶2	Abdullah apparently has been charged with three counts of weapons misconduct for possessing a deadly weapon by a prohibited possessor.[1] A person commits misconduct involving weapons by knowingly "[p]ossessing a deadly weapon . . . if such person is a prohibited possessor." A.R.S. § 13-3102(A)(4). A "'[p]rohibited possessor' means any person . . . [w]ho has been convicted within or without this state of a felony . . . and whose civil right to possess or carry a gun or firearm has not been restored." A.R.S. § 13-3101(A)(6)(b). Before trial, the state requested that the respondent judge determine which party had the burden of proof with respect to the restoration of Abdullah's right to carry a firearm. The state argued this is an affirmative defense, which the accused must establish, not an element of the crime that the state must prove. After discussing the matter at the conclusion of a hearing on Abdullah's motion to suppress evidence, the respondent judge ruled that the fact that a defendant's right to possess firearms had not been restored is an element of the offense. This special action followed.

¶3	There are several reasons our acceptance of special action jurisdiction is appropriate. The state has no equally plain, speedy, or adequate remedy by appeal. *See*

---

[1]The indictment is not part of the record before us.

A.R.S. § 13-4032; *see also* Ariz. R. P. Special Actions 1, 17B A.R.S. Moreover, the question presented in this special action is one of first impression as there is no caselaw in Arizona interpreting the allocation of the burden of proof under § 13-3101(A)(6)(b). Because future prosecutions under the statute will likely be affected, the matter is of statewide importance. *See State v. Winkler*, 176 Ariz. 212, 859 P.2d 1345 (App. 1993) (granting special action relief in the face of trial court's impending use of jury instruction in criminal case erroneously assigning to state burden of proving element not found in criminal statute). Accordingly, we accept jurisdiction. Additionally, we review the interpretation of a statute de novo. *State v. Tamplin*, 195 Ariz. 246, 986 P.2d 914 (App. 1999).

¶4 The respondent judge's ruling that the nonrestoration of the right to carry a firearm is an element of the crime of prohibited possessor appears to have been based on her reading of the plain language of § 13-3101(A)(6)(b). Such a reading is certainly justifiable; we acknowledge that the use of "and" in a criminal statute typically introduces an element of the crime, which the state must, of course, prove. *See In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Farley*, 199 Ariz. 542, 19 P.3d 1258 (App. 2001) (Due Process Clauses of the Fifth and Fourteenth Amendments require a state to prove beyond a reasonable doubt every fact necessary to establish criminal conduct). Indeed, we recently read §§ 13-3102(A)(4) and 13-3101(A)(6)(b) the same way, albeit in a case in which we did not squarely address the issue raised here. *State v. Lopez*, 209 Ariz. 58, ¶ 8, 97 P.3d 883, 885 (App. 2004) ("Lopez attempted to remove from the jury's consideration elements of the charged offense—that he has a prior felony conviction and that his civil right to

possess or carry a firearm has not been restored."). And in *State v. Hudson*, 152 Ariz. 121, 730 P.2d 830 (1986), our supreme court implicitly regarded nonrestoration of the right to be an element in addressing the propriety of the trial court's denial of the defendant's motion for judgment of acquittal pursuant to Rule 20, Ariz. R. Crim. P., 17 A.R.S., in a prohibited possessor case. The court stated: "The evidence showed that defendant had been convicted of robbery and that defendant's civil rights had not been restored. Therefore, the defendant was a 'prohibited possessor.'" *Id*. at 127, 730 P.2d at 836.

¶5 In neither *Hudson* nor *Lopez* was the court presented directly with the issue before us. Accordingly, the statements in those cases suggesting the nonrestoration of the right to carry a firearm is an element the state must prove in a prohibited possessor prosecution were not holdings but dicta, and are therefore not binding authority. *See Creach v. Angulo*, 186 Ariz. 548, 552, 925 P.2d 689, 693 (App. 1996) (Division One of this court, declining to follow dictum in Arizona Supreme Court opinion, stating: "Dictum is not binding precedent because, *inter alia*, it is without the force of adjudication and the court may not have been fully advised on the question").

¶6 Although we normally assign plain meaning to the words of a statute, we will not do so when a plain meaning interpretation is at odds with the legislature's intent. *State v. Vogel*, 207 Ariz. 280, 85 P.3d 497 (App. 2004). Having more fully contemplated that intent, we now conclude that a defendant bears the burden of proving his or her right to possess a firearm has been restored in a prosecution under § 13-3101(A)(6)(b).

4

¶7        The state relies on *State v. Noel*, 3 Ariz. App. 313, 414 P.2d 162 (1966), in

which this court addressed the identical issue under a predecessor statute, former A.R.S.

§ 13-919, which, as reproduced in *Noel*, provided: "It is unlawful for a person who has been

convicted of a crime of violence in any court of the United States, its territories, districts or

possessions, or of the several states, to possess a pistol, unless such person has been pardoned

for such crime or has by law regained full status as a citizen." 3 Ariz. App. at 314, 414 P.2d

at 163 (emphasis deleted). We concluded, with cursory analysis, that the defendant bore the

burden of proving he fell within that statute's exception.

¶8        Although the two statutes convey essentially the same concept, there is

significantly different language in the two. The provision at issue was introduced in former

§ 13-919 with "unless . . . "; § 13-3101(A)(6)(b) uses "and . . . not . . . ." We generally

presume that when the legislature amends the language of a statutory provision, it intended

that the change have meaning. *See State v. Garza Rodriguez*, 164 Ariz. 107, 791 P.2d 633

(1990). However, the change in and renumbering of Arizona's prohibited possessor statute

was part of the comprehensive adoption of the entirely new revised criminal code effective

in 1978. 1977 Ariz. Sess. Laws, ch. 94 (repealing former § 13-919 along with the bulk of

the former code), § 142 (implementing §§ 13-3101, -3102). When statutes are changed as

part of a recodification and the function of the new statute is identical in form to the former

provision, it is presumed the legislature meant to continue the same intent, even when the

language of the new statute is not identical to the former. *See Vielma v. Eureka Co.*, 218

F.3d 458 (5th Cir. 2000); *see also* 73 Am. Jur. 2d *Statutes* § 224 (2001) ("[I]t is a settled rule

5

of construction that where the entire legislation affecting a particular subject matter has undergone revision and consolidation by codification, the revised statutes will be presumed to bear the same meaning as the original sections, notwithstanding that there is an alteration in phraseology.").

¶9        Moreover, although the use of "and" in a criminal statute might normally indicate that an element is to follow, the provision at issue here reads "*and* whose civil right to possess or carry a gun or firearm has *not* been restored." § 13-3101(A)(6)(b) (emphasis added). The negative aspect of this provision makes it extremely ill-suited to be an element of the crime; it would place an onerous burden on the state to prove beyond a reasonable doubt that something has not happened, not only in this state but throughout the country. *See United States v. Bartelho*, 71 F.3d 436, 440 (1st Cir. 1995) (rejecting argument that government bore burden of establishing federal defendant's failure to restore his civil rights in proving prohibited possessor charge and noting that government would otherwise "be required to refute every possibility that criminal defendants have had their prior convictions nullified or their civil rights restored").

¶10       The "and . . . not" construction introduces a negative condition into the statute that functions the same way "unless" or "except" would: as a statutory exception or proviso. *See* 82 C.J.S. *Statutes* §§ 370, 371 (1999) (defining and explaining exception and proviso). Although sometimes classified as a type of affirmative defense, *see* 2 *McCormick on Evidence*, § 341 at 431-32 (J. Strong ed., 5th ed. 1999), statutory exceptions are conceptually different from justification defenses, such as those codified at A.R.S. §§ 13-401 through 417,

6

in that they do not excuse or justify an actor who engages in the prohibited conduct but, rather, exclude the actor from the class of people for whom the conduct is prohibited. Our finding that the restoration provision of § 13-3101(A)(6)(b) is such an exception is supported by the fact that the provision at issue is contained in § 13-3101(A)(6)(b), the definitions section describing the class of people who are prohibited possessors, not § 13-3102(A)(4), the statute defining the criminal act that constitutes the offense.

¶11        Because the restoration provision of § 13-3101(A)(6)(b) functions as an exception, it is not an element of the offense that the state must prove. "A defendant who relies upon an exception to a criminal statute made by a proviso or distinct clause has the burden of establishing and showing that she comes within the exception." *In re Maricopa County Juvenile Action No. JT9065297*, 181 Ariz. 69, 82, 887 P.2d 599, 612 (App. 1994); *see also United States v. Henry*, 615 F.2d 1223 (9th Cir. 1980) (same); *State v. Rosthenhausler*, 147 Ariz. 486, 711 P.2d 625 (App. 1985) (statutory exception for inoperable firearms not an element of crime involving deadly weapon; burden to show inoperability on defendant); *State v. Quandt*, 17 Ariz. App. 33, 34, 495 P.2d 158, 159 (1972) (in upholding defendant's conviction for possession of illegal drugs under former statute, which contained exceptions for doctors and other medical professionals, court held: "it is the defendant's responsibility" to show he fell within the class of excepted people); *see also* Dag E. Ytreberg, J.D., Annotation, *Burden of Proof as to Lack of License in Criminal Prosecution for Carrying or Possession of Weapon Without License*, 69 A.L.R. 3d 1054, § 3 (1976) (surveying state statutes defining somewhat analogous crime of carrying weapon without a

permit and finding "general rule" is lack of license is not element of crime and defendant bears the burden of producing evidence he or she has license).

¶12         We also find persuasive opinions from the Kentucky appellate courts, as our prohibited possessor statutes were derived, in part, from the Kentucky Penal Code. Rudolph J. Gerber, *Criminal Law of Arizona*, §§ 13-3101, -3102 (2d ed. 1993); *see Cacho v. Superior Court In and For County of Maricopa*, 170 Ariz. 30, 33, 821 P.2d 721, 724 (1991) ("Because Arizona's venue statute was adopted from the Texas statute, that state's decisions are of particular interest"). In *Eary v. Commonwealth*, 659 S.W.2d 198, 200 (Ky. 1983), the Kentucky Supreme Court interpreted the Kentucky prohibited possessor statute, which provided:

> A person is guilty of possession of a handgun by a convicted felon when he possesses, manufactures, or transports a handgun when he has been convicted of a felony, as defined by the laws of the jurisdiction in which he was convicted, in any state or federal court *and* has *not*:
>
> (a) Been granted a full pardon by the governor or by the president of the United States; or
>
> (b) Been granted relief by the United States secretary of the treasury pursuant to the Federal Gun Control Act of 1968, as amended.

(Emphasis added.) In *Eary*, the court held that subsection (b) was a "negative" issue and was not, therefore, an element that the government had to prove. 659 S.W.2d at 200. The court relied on an earlier opinion by the Kentucky Court of Appeals, *Duvall v. Commonwealth*, 593 S.W.2d 884, 886 (Ky. App. 1979), which had found that subsection (a) was not an element of the crime, instead holding it was "a negative issue" and the commonwealth was not

8

required to offer proof that defendant was not within the class of people excluded from the statute's operation. *Id.* Notably, the Kentucky courts reached these conclusions notwithstanding the "and . . . not" phrasing the Kentucky statute shares with ours.

¶13 Having found that the nonrestoration of civil rights is not an element of the crime the state must prove, but rather an exception with the burden of proving it borne by Abdullah, we must clarify the nature of that burden. Although the state asks in its petition for special action that we determine the proper allocation of the burden of proof, the burden of proof actually consists of two parts: the burden of going forward (also called the burden of production or the burden of evidence), and the burden of persuasion.

> The burden of persuasion, as its name implies, requires the party that bears it to persuade the trier of fact to rule in its favor. The burden of going forward, in contrast, requires the party that bears it to produce sufficient preliminary evidence *before* the party with the burden of persuasion must proceed with its evidence. Thus, failure to meet the burden of going forward results in an adverse ruling before presentation of evidence by the party with the burden of persuasion.

*State v. Hyde*, 186 Ariz. 252, 266, 921 P.2d 655, 669 (1996) (citations omitted); *see also* 2 *McCormick on Evidence*, § 336. Abdullah certainly bears the burden of going forward. *Maricopa County No. JT9065297; Rosthenhausler.* Thus, if he fails to produce any admissible evidence that his right to carry firearms has been restored, the state will prevail on the issue without being required to present any evidence of nonrestoration.

¶14 Federal courts, addressing the same question under the federal prohibited possessor statutes, have held that the defendant bears the burden of going forward with evidence of restoration of rights, but the government bears the burden of persuasion of

9

nonrestoration if the defendant produces any such evidence. *See Bartelho*, 71 F.3d at 440; *United States v. Jackson*, 57 F.3d 1012, 1016 (11th Cir. 1995). Those decisions, however, are based on the fact that the statutory exception for those whose right to carry a weapon has been restored is analogous to an affirmative defense, *Bartelho*, 71 F.3d at 440 ("A claim of restoration of civil rights is in the nature of an affirmative defense."), and in federal prosecutions the government bears the burden of persuasion in disproving affirmative defenses. *Id.*; *Jackson*, 57 F.3d 1016. Similarly, in *Rosthenhausler*, this court opined that, if the defendant there had met his burden of going forward, the state would have had the burden of persuasion to disprove the exception. That reasoning was based, in part, on *State v. Berndt*, 138 Ariz. 41, 672 P.2d 1311 (1980), which discussed how the burdens of production and persuasion were formerly allocated with respect to the affirmative defense of insanity.

¶15        But neither the state nor federal constitutions prohibit assigning the defendant the burden of persuasion for an affirmative defense. *State v. Casey*, 205 Ariz. 359, 71 P.3d 351 (2003); *see United States v. Alvarez*, 755 F.2d 830, 842 n.12 (11th Cir. 1985) (burden of persuasion on affirmative defenses "may fall on either the government or the defendant, as determined by statute or court decision"). In 1997, the Arizona legislature assigned the burden of persuasion for affirmative defenses to the defendant. Section 13-205(A), A.R.S., now provides: "Except as otherwise provided by law, a defendant shall prove any affirmative defense raised by a preponderance of the evidence, including any justification defense." We do not characterize the statutory exception to the prohibited possessor statutes

10

for those whose rights have been restored as a true affirmative defense. *But see State v. Berryman*, 178 Ariz. 617, 875 P.2d 850 (App. 1994) (statutory exception for inoperable weapons deemed affirmative defense). However, we agree the exception functions similarly to an affirmative defense and see no reason for infusing unnecessary confusion into Arizona law by announcing an inconsistent burden or standard of proof for exceptions. We therefore draw guidance from § 13-205(A) and hold Abdullah has the burden of persuading the trier of fact by a preponderance of the evidence that his civil rights have been restored.

¶16 Finally, we observe that assigning the ultimate burden to the defendant is neither unreasonable nor unattainable. In the absence of any contrary evidence presented by the state, if Abdullah meets his burden of going forward with sufficient admissible evidence to raise the issue of restoration of rights, that evidence will also satisfy his burden of persuasion and he will necessarily prevail on the issue. In any case in which the defendant successfully raises the issue of restoration, the state will be obligated to at least meet that evidence with equivalent evidence of nonrestoration or the defendant will have produced the preponderance of the evidence.

¶17 We conclude, then, that § 13-3101(A)(6)(b) provides an exception to the prohibited possessor definition for a person whose right to carry a firearm has been restored. Abdullah has the burden of producing admissible evidence demonstrating he comes within that exception. If he does so, and if he then can convince the jury of that fact by a preponderance of the evidence, he should be acquitted. Accordingly, the respondent judge erred as a matter of law in finding the nonrestoration of rights to be an element of the crime

11

the state must prove beyond a reasonable doubt at Abdullah's upcoming trial. An error of law may constitute an abuse of discretion, *ChartOne v. Bernini*, 207 Ariz. 162, 83 P.3d 1103 (App. 2004), and it is here an appropriate ground for granting special action relief. Ariz. R. P. Special Actions 3(c). We therefore accept jurisdiction and grant relief.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge



_____
PETER J. ECKERSTROM, Judge