NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JUAN CARLOS ROSALES, *Appellant*.

No. 1 CA-CR 15-0019
FILED 12-22-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR 2014-127064-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

D O W N I E, Judge:

¶1            Juan Carlos Rosales appeals his conviction for misconduct involving weapons.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2            Rosales was placed on probation in 2011 for a felony offense and was prohibited from possessing a firearm.  In May 2014, his probation officer received information that Rosales had a gun at his residence.  A search of the home revealed a gun in an air duct, and subsequent testing established that Rosales' DNA was on the gun.

¶3            The State charged Rosales with one count of misconduct involving weapons, a class four felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3102(A)(4).  A jury found Rosales guilty of the charged offense, and Rosales timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

### DISCUSSION

¶4            Rosales makes a single argument on appeal: that the State failed to prove his right to possess a firearm had not been restored — something Rosales claims is an "essential element" of the charged offense. As the State correctly notes, however, although it bears the burden of proving a defendant was a prohibited possessor, the defendant has the burden of proving that his right to possess a firearm has been restored. *State v. Kelly*, 210 Ariz. 460, 463, ¶ 11 (App. 2005) ("Because the restoration provision of § 13-3101(A)(6)(b) functions as an exception, it is not an element of the offense that the state must prove.").

---

[1]      "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201 (App. 1997).

¶5        The State proved Rosales' prohibited possessor status. It admitted a certified record of his prior felony conviction, which reflected Rosales was sentenced and placed on probation on July 27, 2011. Rosales' probation officer testified he remained on probation as of the date of the charged offense and was prohibited from possessing a firearm. Rosales presented no evidence that his right to possess a firearm had been restored, and he made no such argument at trial.

## CONCLUSION

¶6        We affirm Rosales' conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama