No. 45,102

State of Kansas, *Appellee*, v. Thomas Raymond Ware, *Appellant*.

(442 P. 2d 9)

Opinion filed June 8, 1968.

*Edward M. Boyle* and *W. C. Jones*, both of Olathe, argued the cause and were on the brief for the appellant.

*James A. Wheeler*, Assistant County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, *James W. Bouska*, County Attorney, and *Bill E. Haynes*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: Defendant appeals from his conviction and sentence under K. S. A. 21-2611, which makes it unlawful for one who has previously been convicted of one of the offenses enumerated therein, to own, have or keep a pistol in his possession or under his control.

In his brief defendant urges ten grounds for reversal—one of which was abandoned at oral argument. Eight of the remaining grounds relate to alleged errors and irregularities before or during the trial. We have examined each of those eight complaints and

find all to be without merit. In no manner may it be said from the record that defendant's substantial rights were in any way prejudicially affected. The nature of the case—and of the contentions made —is such that discussion of the same not only would serve no useful purpose but would unnecessarily encumber the official reports with irrelevant and immaterial matters having nothing to do with what we consider to be the only meritorious contention in the case.

In April, 1963, defendant was convicted in the circuit court of Jackson County, Missouri, of the offense of felonious assault.

K. S. A. 21-2611—for a violation of which defendant was prosecuted and found guilty by a jury—provides—

"It shall be unlawful for any person who has previously been convicted in this state or elsewhere of committing . . . felonious assault, . . . to own a pistol, or to have or keep a pistol in his possession, or under his control. Any person violating this section shall be deemed guilty of a felony, and upon conviction shall be imprisoned in the state penitentiary not to exceed five (5) years. . . ."

In the case at bar the possession and control of the pistol by defendant was alleged and established to have been on or about December 5, 1965.

The habitual criminal statute of this state (K. S. A. 21-107a) provides that—

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; and if convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than fifteen years. . . ."

In this case, because of defendant's previous conviction of felonious assault in the state of Missouri, the trial court found that the instant conviction was a second conviction of felony and invoked the first provision of the habitual criminal statute, above, and sentenced defendant to confinement in the penitentiary for a period not exceeding *ten* years.

Defendant contends this was error.

The question thus presented amounts to this—

May the previous conviction of felony which is relied on as a necessary element and ingredient of the offense under the firearms statute here involved—also be used and relied on to invoke the habitual criminal statute?

We think the question must be answered in the negative.

The habitual criminal statute—enacted in 1927—does not create

a new or separate offense based on the commission of more than one felony, but merely provides for imposition of an increased sentence for every person convicted a second and third time of a felony. The increased punishment is imposed as a disciplinary measure for those whom previous conviction and punishment have failed to reform. (*Aeby v. State*, 199 Kan. 123, 126, 427 P. 2d 453).

The firearms statute (K. S. A. 21-2611, above) was enacted in 1955 and, as shown, provides that ownership, possession or control of a pistol by a person who has previously been convicted of one of the offenses therein enumerated—one of which is felonious assault —is a felony—and that the punishment therefor is confinement in the penitentiary for not to exceed five years. Under the statute it is not the ownership, possession or control of a pistol—standing alone—which is unlawful. It is made unlawful *only* when the person has previously been convicted of one of the enumerated offenses. In other words—both elements are necessary in order to create the offense. The possession and control of the pistol by defendant on or about December 5, 1965, was a felony only because of his previous conviction of felonious assault. It is quite true that defendant now stands convicted of two felonies—but only because his previous conviction—coupled with his subsequent possession and control of the pistol—combined to create the second. Furthermore—if the habitual criminal statute were to apply to the facts of this case the practical effect would be to nullify the penalty provision of the special statute in question—which is imprisonment for not to exceed *five* years. In fixing such penalty the statute itself takes into account the fact of the previous conviction.

The extent of our holding is this:

The previous conviction of felonious assault which was relied on as a necessary element and ingredient in order to constitute the offense under the firearms statute (K. S. A. 21-2611), may not be used and relied on to invoke the habitual criminal statute. It follows, therefore, that defendant should have been sentenced to imprisonment for not to exceed five years rather than ten years.

The conviction and order denying defendant's motion for a new trial are affirmed. It is directed, however, that defendant be returned to the trial court for imposition of a correct and proper sentence in accord with the views herein expressed.