James Wesley HEADY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

April 1, 1980.

Frank W. Heft, Jr., Daniel T. Goyette, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Heady was convicted of carrying a concealed weapon in violation of KRS 527.-020(1). Ordinarily this offense is a misdemeanor. However, Heady had previously been convicted of an armed robbery involving a deadly weapon. This upgraded the offense to a felony and his punishment was fixed at four years' imprisonment. KRS 527.020(5).

The Commonwealth then sought to further increase the penalty by having Heady declared to be a persistent felony offender in the first degree. KRS 532.080. The jury found he occupied that status and his punishment was then fixed at twenty years' imprisonment. Being somewhat less than satisfied with this turn of events, Heady appeals. We affirm in part and reverse in part.

The issue is whether the Commonwealth may seek to enhance the misdemeanor weapons charge to a felony and then use the conviction of that felony to "trigger" further enhanced punishment via the persistent felony offender statute. We hold that under established rules of statutory construction, such a result is not obtainable.

The courts that have decided this issue have uniformly construed the statutes involved to give effect to the first enhancement only, but they have expressed differing rationales for such a construction. We have found a common thread of persuasive logic in several of these decisions.

In *State v. Ware*, 201 Kan. 563, 442 P.2d 9 (1968) the Supreme Court of Kansas concluded that the firearms statute specifically directed more serious punishment at one who had prior convicted felon status and possessed a weapon than at one who had not been so convicted previously and that to permit further enhanced punishment under a habitual offender statute would effectively nullify the scheme of the weapons statute. The Arizona intermediate court expressly adopted this reasoning in *State v. Smith*, 12 Ariz.App. 272, 469 P.2d 838 (1970). The Supreme Court of Louisiana quoted Ware with approval and further found the language of the Louisiana statutes in question indicated the punishment imposed by the weapons statute was to be given effect. "The firearms statute details

specific punishment for concealment of a weapon by a felon; its terms do not indicate that a greater penalty can be superimposed by multiple-billing [persistent felony offender status]. Since the legislature has specified the specific penalty limits it wishes imposed on convicted felons who carry weapons, and since it has not indicated that further enhancement is to be allowed through the multiple-billing procedure, we are persuaded that the legislature did not intend that a person convicted under R.S. 14:95 be subject to multiple billing." *State v. Sanders,* La., 337 So.2d 1131, 1135 (1976). Similarly, the Supreme Court of Nebraska held that a misdemeanor enhanced to a felony because of a prior conviction is not a "trigger felony" for purposes of their habitual criminal statute. *State v. Chapman,* 205 Neb. 368, 287 N.W.2d 697 (1980).

The common thread woven into each of these statutory cloths was isolated by the court in *Goodloe v. Parratt,* 8th Cir., 605 F.2d 1041 (1979). Simply put, the specific statute controls a more general statute. This rule of statutory construction is firmly established in the law of the Commonwealth. *City of Bowling Green v. Board of Education,* Ky., 443 S.W.2d 243 (1969); *Morton v. Auburndale Realty Co.,* Ky., 340 S.W.2d 445 (1960). It is the general rule as well. See *Brown-Forman Distillers Corp. v. Mathews,* W.D.Ky., 435 F.Supp. 5, 13 (1976); 73 Am.Jur.2d Statutes Sec. 257.

The General Assembly would have been aware of this universal rule of statutory construction when it reconsidered and amended both KRS 527.020 and 532.080 in 1978 and did not specify that further enhancement was permissible. The legislature specifically addressed the problem of felons who carry concealed weapons and sought to discourage such activity by converting the misdemeanor offense into a felony with all its accompanying disabilities. Therefore, in the absence of language to the contrary, we conclude the legislature did not intend to increase punishment a second time through the use of the persistent felony offender statute.

Heady's other assignments of error are patently without merit. RCr 9.56. Consequently, no extensive discussion is required.

So much of the judgment as finds Heady to be a persistent felony offender and enhances his punishment from four to twenty years imprisonment is reversed. In all other respects the judgment is affirmed. The cause is remanded to the Jefferson Circuit Court for entry of a new judgment in conformity herewith.

All concur except STEPHENS, J., who did not sit and STEPHENSON, J., who dissents.