**John George BOULDER, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

Dec. 16, 1980.

---

1. SCR 4.020(1)(b)(i).

2. SCR 4.020(1)(b)(ii).

3. SCR 4.300.

Jack E. Farley, Public Advocate, Larry H. Marshall, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., C. David Clauss, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

John George Boulder was convicted in the Fayette Circuit Court of first degree assault (KRS 508.010) and possession of a handgun by a convicted felon (KRS 527.-040). His sentences for these two convictions were respectively enhanced to thirty-five and five years when he was found to be a persistent felony offender (PFO) in the second degree (KRS 532.080). He now appeals from that judgment. We reverse in part and affirm in part, and remand with directions.

During the evening of May 14, 1979, an altercation arose on a Lexington street involving John, his girl friend Deborah, a man called J.J., and J.J.'s "lady," "Cynthia," a 6′ 2″ transsexual. J.J., armed with a pellet gun, had called John out of his apartment to resolve a squabble between their respective "friends." Approximately 15 minutes of argument followed, then J.J. turned his back and John shot him three times and "Cynthia" five times with a .22–caliber pistol. Neither died, but "Cynthia" received wounds which were stipulated at trial as creating a substantial risk of death due to bleeding in the diaphragm, liver and colon.

John's conviction of first degree assault resulted from his shooting "Cynthia." His conviction of possession of a handgun by a convicted felon was based on his 1976 conviction of first degree assault which was also the basis of the sentence enhancement of both primary convictions. His appeal includes eight assignments of error. One of the issues raised by these assignments–doubt of the unanimity of the first degree assault verdict–requires us to reverse and grant a new trial on that charge. Although we affirm the conviction of possession of a handgun by a convicted felon, we strike down the PFO enhancement of that sentence and further hold that the Commonwealth is precluded from pursuing an enhancement of any future sentence on the assault charge because of John's conviction of possession of a handgun by a convicted felon. The other assignments of error are either patently without merit or not preserved for appellate review.

■ The instructions submitting count one (first degree assault) to the jury were improper. They provided alternative grounds for a finding of guilt–either that John intended to cause serious physical injury to "Cynthia" or that he was wantonly engaging in conduct which created a risk of death to "Cynthia." The state of the evidence, however, is such that it would be clearly unreasonable for a juror to believe that John's conduct was other than intentional. Because we can not ascertain that all the jurors based their decision on the first theory, which is the only one supported by evidence, we can not say that the verdict was unanimous as required by RCr 9.82(1) and *Wells v. Commonwealth*, Ky., 561 S.W.2d 85 (1978). Accordingly, we reverse the conviction of first degree assault and grant a new trial on that charge.

■ We affirm John's conviction of possession of a handgun by a convicted felon. It was not improper for the Commonwealth to prosecute John on this charge and on the first degree assault charge even though a single course of conduct establishes the commission of both offenses. KRS 505.020(1). Furthermore, conviction of both crimes is not double jeopardy because neither offense is necessarily included within the other and each requires proof of an element not required by the other. KRS 505.020; *McClain v. Commonwealth*, Ky., 607 S.W.2d 421 (1980); *Kellett v. Superior Court*, 63 Cal.2d 822, 48 Cal.Rptr. 366, 409 P.2d 206 (1966).

■ The Commonwealth established the violation of KRS 527.040 (possession of a handgun by a convicted felon) by using John's 1976 conviction of first degree assault. The jury recommended a sentence of three years. The same prior felony was then used in the PFO phase of the trial to enhance the sentence to five years and also to enhance the 15–year sentence for the first degree assault of "Cynthia" to 35 years. The prosecutor bombarded John by using his status as a felon against him three times. The Commonwealth struck twice too often. Although a person's status as a

felon may be used to punish him, as evidenced by statutes such as KRS 527.040, KRS 527.020(5), and KRS 532.080, it may not be used to punish him again and again, over and over. Specifically, this status may not be used to obtain a primary conviction, then re–used to increase the punishment for that conviction, and then re–used again to enhance a sentence for another primary conviction.

First, KRS 527.020 takes into account the fact of a previous conviction in fixing a penalty for a felon in possession of a handgun. See *State v. Ware*, 201 Kan. 563, 442 P.2d 9 (1968). This statute converts non–criminal activity into a criminal offense solely on the basis of a person's status as a felon. Similarly, KRS 532.080 (PFO sentencing) purports to punish a person because of his status as a felon. The utilization of a prior felony to establish an essential element of a crime and then to enhance its punishment is just as illogical as using it to raise a misdemeanor to a felony and then using it to increase punishment by way of KRS 532.080 as disapproved in *Heady v. Commonwealth*, Ky., 597 S.W.2d 613 (1980). Consequently, John's status as a felon which establishes the substantive offense of possession of a handgun by a convicted felon may not be used to trigger enhanced punishment via the persistent felony offender statute.

Secondly, the question arises whether the Commonwealth, after having secured a conviction for possession of a handgun by a convicted felon, may use the same status as a felon to enhance the penalty for the first degree assault via the PFO statute in the absence of specific legislative authority. KRS 500.030 states that "[a]ll provisions of this [penal] code shall be liberally construed according to the fair import of their terms, to promote justice, and to effect the objects of the law." Moreover, "doubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruous results...." *Commonwealth v. Colonial Stores*, Ky., 350 S.W.2d 465 (1961).

The object of KRS 527.040 and KRS 532.080 is the same–to deter crime by putting a convicted felon on notice that he will be treated more harshly because of his status if he engages in certain activities such as the possession of a handgun or the commission of another felony. Having used the status as a convicted felon to convert otherwise non–criminal activity into a crime, the Commonwealth may not be permitted to use it to enhance the penalty on the first degree assault charge. To permit such use would frustrate KRS 500.030, violate the rule of *Colonial Stores*, supra, and offend traditional notions of fair play and substantial justice.

The judgment of the Fayette Circuit court is reversed on the first degree assault charge, affirmed on the possession of a handgun by a convicted felon charge, reversed on the PFO enhancement of penalties and the cause is remanded with directions to modify the judgment by reducing the sentence on the possession charge to three years and conduct a new trial of the assault charge.

All concur, except STEPHENS, J., who did not sit.