**Clifford R. FRY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6810.**

Court of Appeals of Alaska.

Jan. 7, 1983.

1. *State v. Chaney,* 477 P.2d 441 (Alaska 1970).

W. Grant Callow, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert C. Bundy, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Clifford Fry was convicted by a jury of misconduct involving weapons in the first degree, a violation of AS 11.61.200(a)(1). This statute prohibits persons previously convicted of a felony from possessing any concealable firearm; it is designated as a class C felony, with a maximum penalty of five years' imprisonment and presumptive terms of two and three years for second and third felony offenders, respectively. AS 12.55.125(e). Because Fry had a prior felony conviction, the sentencing court treated him as a second felony offender and applied presumptive sentencing in his case. Prior to imposing sentence, the superior court concluded that an aggravating factor had been established by the state and, apparently on that basis, imposed a sentence exceeding the two-year presumptive term for a second felony offender. The court sentenced Fry to three years' imprisonment, with one year suspended. Fry subsequently filed this sentence appeal.

The initial argument advanced by Fry is that he should not have been subjected to presumptive sentencing as a second felony offender. Fry asserts that, because his prior felony conviction was an essential element of the crime for which he was convicted and sentenced in this case,[1] it is improper to rely upon the same conviction a second time, by using it as the basis for imposing a presumptive term for the purpose of enhancing his sentence. We reject the position advocated by Fry.

AS 12.55.125(e)(1), the presumptive sentencing provision applied by the court to Fry's case, states, in relevant part:

> (1) knowingly possesses a firearm capable of being concealed on his person after having been convicted of a felony by a court of this state, a court of the United States, or a court of another state or territory....

1. AS 11.61.200(a)(1) provides:

*Misconduct involving weapons in the first degree.* (a) A person commits the crime of misconduct involving weapons in the first degree if he

(e) A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155—12.55.175:

(1) If the offense is a second felony conviction, two years....

Provisions relevant to interpretation of AS 12.55.125(e)(1) are found in AS 12.55.185(7) and AS 12.55.145(a). AS 12.55.185(7) states that, " 'second felony conviction' means that the defendant previously has been convicted of a felony." AS 12.55.145(a) defines the circumstances under which a prior felony conviction may be considered for the purposes of applying presumptive sentencing. At the time of Fry's offense, AS 12.55.145(a) stated, in pertinent part:

*Prior Convictions.* (a) For purposes of considering prior convictions in imposing sentence under this chapter [AS 12.55]

(1) A prior conviction may not be considered if a period of seven or more years has elapsed between the date of the defendant's unconditional discharge on the immediately preceding offense and conviction of the present offense.

In the present case, it is undisputed that Fry was convicted of a felony in 1974 and that his unconditional discharge from that conviction occurred within seven years of his current offense. Thus, under AS 12.55.145(a)(1), Fry's 1974 conviction qualified as a prior felony under the presumptive sentencing statutes. Since Fry had previously been convicted of a felony within the meaning of AS 12.55.145(a)(1), he fell within the definition of "second felony offender" contained in AS 12.55.185(7). Given Fry's standing as a second felony offender, a term of two years' imprisonment was mandated by the express language of AS 12.55.125(e)(1) as the presumptive sentence applicable upon Fry's conviction of the present offense.

This statutory framework is, in our view, clear and unambiguous; its direct applicability to Fry's case seems apparent. The presumptive sentencing statutes applicable to Fry leave little room for judicial interpretation and make no exception for cases in which the prior conviction relied upon for application of presumptive sentencing is also a necessary element of the present offense. The plain meaning of AS 12.55.125(e)(1), when read in conjunction with AS 12.55.145(a)(1) and 12.55.185(7), required the sentencing court to treat Fry as a second felony offender and to apply the presumptive sentencing process to his case.

Fry nevertheless contends that the statutory provisions applicable to his case are rendered ambiguous by the language of AS 12.55.155(e), which states, in relevant part:

(e) If a factor in aggravation [of a presumptive term] is a necessary element of the present offense, that factor may not be used to aggravate the presumptive term.

Fry maintains that, since AS 12.55.155(e) precludes use of an aggravating factor to enhance a presumptive sentence when the factor is a necessary element of the offense for which the sentence is being imposed, an analogous rule should apply to preclude the use of a prior conviction to invoke presumptive sentencing when that prior conviction is a necessary element of the present offense. Although the limitation on applicability of presumptive sentencing which is urged by Fry would no doubt be consistent with and analogous to the limitation on use of aggravating factors embodied in AS 12.55.155(e), we find little justification for applying the analogy. AS 12.55.155(e) does nothing to render ambiguous the statutory language of AS 12.55.125(e)(1), which required the court to treat Fry as a second felony offender and to sentence him presumptively. AS 12.55.155(e) does not purport to deal with limitations on the applicability of presumptive sentencing under AS 12.55.125. By its own express terms, AS 12.55.155(e) serves only to preclude the use of aggravating factors to enhance presumptive sentences in cases where the factors are necessary elements of the offense for which sentence is to be imposed.

■ We perceive no logical inconsistency in the legislature's failure to extend to the area of applicability of presumptive sentencing under AS 12.55.125 the type of limitation imposed by AS 12.55.155(e) upon use of aggravating factors to enhance a presumptive sentence. The purpose of applying presumptive sentencing to a second or subsequent felony offender under AS 12.-55.125 cannot properly be equated with the purpose served by the provisions of AS 12.-55.155 relating to enhancement of presumptive sentences upon proof of specified aggravating factors. The presumptive sentencing framework contained in AS 12.55.-125 is directed at a more fundamental goal than simple sentence enhancement. Application of presumptive sentencing to a second or subsequent felony offender was viewed by the legislature as a means of achieving long-term uniformity and predictability in the sentencing of repeat offenders. As we observed in *Juneby v. State,* 641 P.2d 823, 830 (Alaska App.1982) (footnotes omitted):

> The presumptive sentencing provisions of the Revised Criminal Code, contained in AS 12.55.125 and 12.55.155, thus reflect the legislature's intent to assure predictability and uniformity in sentencing by the use of fixed and relatively inflexible sentences, statutorily prescribed for persons convicted of second or subsequent felony offenses.
>
> Under the provisions of AS 12.55.125, courts sentencing individuals convicted of their first felony offense are not expressly limited in the sentence that can be imposed; thus, much of the traditionally

broad discretion to decide what kind of a sentence to impose in each case is retained. For second and subsequent felony offenders, however, the legislature has evidenced a strong resolution to restrict judicial discretion and to assure that, as a general rule, statutorily mandated sentences would be imposed.

Given the fundamental difference in purpose between the general framework of presumptive sentencing, with its focus on uniformity and predictability of sentencing for repeat offenders, and the system of aggravating factors specified in AS 12.55.-155, with its narrower focus on sentence enhancement, the legislature could well have had a substantial and legitimate interest in declining to extend the type of restriction contained in AS 12.55.155(e) to the presumptive sentencing provisions of AS 12.55.125. Certainly, if the legislature had intended to prohibit the use of a prior conviction as a basis for applying presumptive sentencing when the conviction was a necessary element of the present offense, it could easily have expressed its intent by including in AS 12.55.125 language paralleling the provisions of AS 12.55.155(e). In the absence of a specific provision of this nature, however, we find no ambiguity in AS 12.55.125(e)(1), as defined by AS 12.55.-145(a)(1) and AS 12.55.185(7). We therefore hold that Fry was properly subjected to presumptive sentencing, despite the fact that his prior felony conviction, upon which the presumptive sentence in this case was based, constituted a necessary element of his present offense.[2]

---

**2.** Fry has also placed reliance on a number of cases from other states in which enhancement of a sentence as a result of a prior felony conviction has been disapproved when the prior conviction was also a necessary element of the crime for which sentence was to be imposed. *See, e.g., People v. Edwards,* 18 Cal.3d 796, 135 Cal.Rptr. 411, 557 P.2d 995 (1976); *State v. Ware,* 201 Kan. 563, 442 P.2d 9 (1968); *Boulder v. Commonwealth,* 610 S.W.2d 615 (Ky.1980); *State v. Sanders,* 337 So.2d 1131 (La.1976). Courts of other states, however, have reached the opposite conclusion on this issue. *See, e.g., People v. Bergstrom,* 190 Colo. 105, 544 P.2d 396 (1975); *Hollander v. Warden,*

*Nevada State Prison,* 86 Nev. 369, 468 P.2d 990 (1970).

We do not find these cases to be of particular assistance in the present case. All of the cited cases construe statutes that differ substantially from the presumptive sentencing provisions of Alaska's Revised Criminal Code. Specifically, the cases relied upon by Fry involved statutes which expressly included minimum or maximum sentences for first offenders. Attempts by prosecutors to apply habitual offender provisions to enhance the sentences provided for in the statutes thus created a dilemma, since application of habitual criminal provisions to a statute which requires a prior conviction as one

Fry next argues that the sentencing court improperly failed to find a mitigating factor in his case. Prior to sentencing, Fry alleged that his conduct was among the least serious conduct within the definition of the offense; this allegation, if true, would qualify as a mitigating factor under AS 12.55.155(d)(9). However, Fry's allegation was rejected by the sentencing court. Fry now maintains that the court was mistaken in reaching this conclusion. We find no error.

Fry retained possession of a handgun, which he claimed to have found, over an extended period of time. He apparently carried and used the gun on at least one occasion—during an illegal moose hunt. Despite the fact that the gun was not his, Fry made no appreciable effort to find the owner of the gun. We believe that these factors constitute more than ample justification to reject Fry's contention that his conduct fell within the mitigating factor set forth in AS 12.55.155(d)(9).

Fry raises as his final point the contention that the sentencing court improperly increased the statutory presumptive sentence in his case. Prior to sentencing, the state alleged that Fry's conduct was among the most serious included in the definition of his offense, and therefore aggravated under the provisions of AS 12.55.155(c)(10). The sentencing court summarily concluded that the aggravating factor alleged by the state had been established; apparently on this basis, the court imposed a sentence exceeding the specified two-year presumptive term for Fry's offense.

Fry argues that the sentencing court's finding of an aggravating factor is not supported by the evidence and was inadequately explained. On appeal, the state concedes that the sentencing court's explanation of its conclusion that an aggravating factor had been established was insufficient. *See Juneby v. State,* 641 P.2d at 846. *See also*

AS 12.55.155(f). Based on its concession, the state suggests a remand for entry of additional findings. Although we agree with both parties that the sentencing court's findings concerning the aggravating factor alleged by the state were inadequate, we do not think that a remand is called for.

■ The state's claim that Fry's conduct was among the most serious within the definition of his offense was based on the assertion that the gun possessed by Fry was not his own and was retained by Fry without permission of its owner, that Fry used the gun for the illegal purpose of shooting a moose out of season, and that Fry retained possession of the gun over a period of about seven months. Having reviewed the entirety of the record, we conclude that the assertions relied upon by the state, although certainly adequate to preclude a finding that Fry's conduct was among the least serious included in the definition of his offense, fall far short of justifying a conclusion, by clear and convincing evidence, that Fry's conduct was among the most serious included in the definition of the offense. The sentencing court's conclusion that the aggravating factor alleged by the state had been established was clearly erroneous. Accordingly, we hold that Fry should properly have been sentenced to the presumptive term of two years prescribed by AS 12.55.125(e)(1).

The ruling of the superior court imposing presumptive sentencing is AFFIRMED. The sentence is VACATED and this case is REMANDED for entry of an amended judgment consistent with this opinion.

of its elements and which, further, specifies sentences applicable to first offenders, would inevitably lead to the conclusion that the sentencing provisions created by the legislature for first offenders could never be applied. We note that no similar ambiguity exists under Alaska's Revised Criminal Code, since individual provisions of the code creating offenses simply designate the offenses by class. Uniform sentencing provisions for each class of offense are independently established in a separate statutory provision.