Frederick Deroy JACKSON, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

May 11, 1983.

Frank W. Heft, Jr., Daniel T. Goyette, Chief Appellate Defenders, Deputy Dist. Public Defender, Louisville, for movant.

Steven L. Beshear, Atty. Gen., Frankfort, R. David Stengel, Sp. Asst. Atty. Gen., Louisville, for respondent.

## CERTIFICATION OF THE LAW

GANT, Justice.

This appeal arises on discretionary review from a certification of the law by the Court of Appeals. The facts of the case are not at issue. In May, 1975, Jackson entered a plea of guilty to the offense of armed robbery. In 1980, he was indicted for and entered a plea of guilty to possession of a handgun by a convicted felon, and sentenced on that charge. On July 20, 1981, Jackson was indicted for burglary and also charged as a persistent felony offender in the first degree. The Jefferson Circuit Court ruled that the defendant could not be charged as a first degree PFO under the holdings of *Boulder v. Commonwealth,* Ky., 610 S.W.2d

615 (1980), and *Heady v. Commonwealth,* Ky., 597 S.W.2d 613 (1980), whereupon Jackson entered a plea of guilty to the burglary charge and a plea of guilty to being a second degree persistent felony offender, and was accordingly sentenced.

The reliance by the lower court upon *Boulder* and *Heady* was correct at the time. In *Heady,* the defendant was convicted of the Class D felony of carrying a concealed deadly weapon by one who had been previously convicted of a felony in which a weapon was possessed, used or displayed. Under the applicable statute, KRS 527.020(5), carrying a concealed deadly weapon was a Class A Misdemeanor unless the person fell under the category of this defendant, in which instance it became a felony. At his trial on the weapons charge, the previous felony was utilized to charge the defendant with a felony and utilized to charge him as a first degree persistent felony offender under KRS 532.080.

■ The opinion in *Heady* was founded on a sound but misapplied principle of law, viz., that a specific statute controls a general statute on the same subject matter, citing *City of Bowling Green v. Board of Education,* Ky., 443 S.W.2d 243 (1969), and other cases. The opinion went on to say that the legislature did not specify in KRS 527.020 that "further enchancement was permissible." It overlooks the facts that (1) the statute merely creates a crime; (2) it classifies it as a Class D Felony; and (3) not a single criminal statute in Kentucky, whether relating to convicted felons or others, or concerning robbery, arson, assault or any other felony, contains a specific provision that "further enhancement was permissible." In the strictest sense, all punishment statutes are general. The specific criminal statutes merely specify the type of crime—for example, a Class A, B, C or D felony. KRS 532.060, in a general statute, prescribes the punishment for each class. The interpretive cases concerning specific and general statutes simply do not pertain. We also note, in passing, that no criminal statute *prohibits* enhancement under KRS 532.080.

After *Heady,* the court decided *Boulder, supra.* In that case, the accused was indicted for possession of a handgun by a previously convicted felon, KRS 527.040. The record indicated that *Boulder* had one previous felony conviction, a first degree assault. This felony was used as the basis for the charge of possession of a handgun, and used again to enhance the punishment of Boulder under KRS 532.080, the persistent felony statute. This court held that this constituted double enhancement, and reversed the PFO conviction, allowing the unenhanced sentence to stand.

■ *Boulder* is factually different, as noted by the Court of Appeals, from the case before us. In this case, the handgun case was not the case being tried but was the middle rung in a three-step ladder. At his trial on the handgun offense, no enhancement was sought under KRS 532.080. However, when the third offense was committed and Jackson was convicted thereof, the prosecution sought to use both previous felonies as the basis for declaring Jackson a first degree persistent felony offender. This should be allowed.

■ The holding of *Boulder,* when the surplusage is distilled, is merely that when a single prior felony is utilized to create an offense or enhance a punishment at the trial of the second crime so created or enhanced, it may not be used *at that trial* to prosecute the defendant under KRS 532.-080. We are unwilling to further extend that holding.

■ Much of the confusion arises from the unfortunate language in *Boulder,* at page 618, relating to status. As the court said in *Crafton v. State,* Ark., 274 Ark. 319, 624 S.W.2d 440 (1981), the statute punished the crime of carrying a handgun, not the status of being a felon.

■ It is our holding that where an accused has been previously convicted of the crime of possession of a handgun by a convicted felon, that conviction assumes the status of any other offense at a subsequent trial and that both the felony conviction

which was the basis of the handgun offense and the handgun offense may be utilized under KRS 532.080 in the persistent felony phase of the trial.

The law is so certified.

STEPHENS, C.J., and AKER, GANT, LEIBSON and STEPHENSON, JJ., concur.