**Freddie EARY, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

Aug. 31, 1983.

Rehearing Denied Nov. 23, 1983.

Jack Emory Farley, Public Advocate, Rodney McDaniel, Asst. Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for respondent.

GANT, Justice.

Movant was convicted on a two-count indictment of possession of a handgun by a convicted felon, KRS 527.040, and of being a persistent felony offender in the first degree, KRS 532.080. His sentence was fixed at 15 years imprisonment.

This case is another of those spawned by the previous holdings of this court in *Boulder v. Commonwealth,* Ky., 610 S.W.2d 615 (1980), and *Heady v. Commonwealth,* Ky., 597 S.W.2d 613 (1980). In his first assignment of error, movant complains that his "status" as a felon was used to create the crime and then used again to enhance his punishment, constituting a violation of his constitutional guarantee against double jeopardy and denying him due process of law.

■ This case is clearly distinguishable from *Boulder, supra,* on its facts, and constitutes another problem arising from the unfortunate use of the word "status." In *Boulder,* the defendant had a lone prior conviction, which was utilized both to create the crime and to enhance the punishment, while in the instant case Eary had been previously convicted of four felonies, viz., first-degree burglary, first-degree bail jumping, storehouse breaking and possession of burglary tools. Only the previous conviction for bail jumping was utilized for the purpose of creating the offense of carrying a handgun by a convicted felon. The other three convictions were utilized subsequently at the persistent felony stage of the trial. We find no error in this procedure. We have clearly stated our position relating to the holding of *Boulder* in *Jackson v. Commonwealth,* Ky., 650 S.W.2d 250, 251 (1983), as follows:

> The holding in *Boulder,* when the surplusage is distilled, is merely that when a single prior felony is utilized to create an offense or enhance a punishment at the trial of the second crime so created or enhanced, it may not be used *at that trial*

to prosecute the defendant under KRS 532.080. We are unwilling to further extend that holding.

Where a defendant is convicted at his trial for possession of a handgun by a convicted felon and has been previously convicted of more than one prior felony, those convictions in excess of that for a single felony may be utilized for the purpose of persistent felony offender sentencing pursuant to KRS 532.080.

■ The second issue raised by movant is the failure of the Commonwealth to prove what he describes as essential elements of the crime. The entire applicable provisions of that statute are as follows:

KRS 527.040—Possession of a handgun by a convicted felon.—Exceptions—(1) A person is guilty of possession of a handgun by a convicted felon when he possesses, manufactures, or transports a handgun when he has been convicted of a felony, as defined by the laws of the jurisdiction in which he was convicted, in any state or federal court and has not:

(a) Been granted a full pardon by the governor or by the president of the United States; or

(b) Been granted relief by the United States secretary of the treasury pursuant to the Federal Gun Control Act of 1968, as amended.

Admittedly, the Commonwealth did not prove that the movant had not been granted a pardon nor granted relief under the gun control act. However, it is our opinion that *Duvall v. Commonwealth*, Ky.App., 593 S.W.2d 884, 886 (1979), is dispositive, where that court held:

In dealing with the interpretation of KRS 527.040, the offense for which appellant was convicted, we hold that the elements of the crime therein charged are (1) possession of a handgun (2) by a convicted felon. We cannot and do not adopt appellant's argument that the words 'and has not (a) Been granted a full pardon by the governor or by the President of the United States' are an element of the crime which must be

proved before conviction can be sustained. Rather, this is a *negative issue.*

It is a general rule running through the law of evidence that where the negative of an issue does not permit of direct proof, or where the facts are more immediately within the knowledge of the defendant, the burden of proving that such averment is not true rests upon him. (Citation omitted)

It is our further holding that the provisions concerning KRS 527.040(1)(b) concerning relief by the Secretary of the Treasury under the gun control act are equally negative in nature, within the peculiar knowledge of the defendant himself, and that the burden of such proof does not rest upon the Commonwealth.

■ The remaining issue which we will confront is the contention of the movant that the statute in question—KRS 527.040 —is unconstitutional, as it conflicts with § 1(7) of the Kentucky Constitution, which section grants to all men "[t]he right to bear arms in defense of themselves ...." This specious argument is almost patently meritless and would not warrant comment except that both movant and respondent state that it is a point of first impression in this jurisdiction. We hold that the statute is constitutional as a valid exercise of the police power of the Commonwealth of Kentucky. It is our opinion that a statute limiting the possession of firearms by persons who, by their past commission of serious felonies, have demonstrated a dangerous disregard for the law and thereby present a threat of further criminal activity is reasonable legislation in the interest of public welfare and safety and that such regulation is constitutionally permissible as a reasonable and legitimate exercise of the police power. *See State v. Amos,* La., 343 So.2d 166 (1977); *Stevens v. United States,* 440 F.2d 144 (6th Cir.1971); *Nelson v. State,* Fla., 195 So.2d 853 (1967)

The other argument of the movant is without merit.

The judgment of the Fayette Circuit Court and the decision of the Court of Appeals are affirmed.

All concur except VANCE, J., not sitting.