Jack Allen DALE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

July 3, 1986.

Rehearing Denied Sept. 25, 1986.

Frank W. Heft, Jr., Daniel T. Goyette, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Frankfort, Carl T. Miller, Jr., Asst. Atty. Gen., for appellee.

GANT, Justice.

Appellant was convicted on overwhelming evidence of the first degree robbery of a food mart and service station in Jefferson County. He was also convicted of possession of a handgun by a convicted felon in violation of KRS 527.040, receiving a five-year sentence on that charge. He was then tried as a persistent felony offender in the first degree on the robbery charge and his original 15–year sentence was enhanced to 25 years. The handgun offense was specifically excluded from the PFO proceedings.

Appellant contends that the use of two prior felony convictions to establish the offense of possession of a handgun by a convicted felon precludes the use of those convictions to enhance the robbery sentence under KRS 532.080, relying upon *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615 (1980). We disagree, and affirm the trial court.

In *Boulder*, the defendant was convicted of first degree assault and of possession of a handgun by a convicted felon, and *both* sentences were enhanced at the PFO proceedings. The court ruled that the felony conviction which created the offense under KRS 527.040 could not be used again to enhance that sentence and, with the modifications and limitations contained in *Jackson v. Commonwealth*, Ky., 650 S.W.2d 250 (1983), and in *Eary v. Commonwealth*, Ky., 659 S.W.2d 198 (1983), we have followed that case. This was truly double enhancement—use of the felony conviction twice.

However, the *Boulder* court also ascribed double enhancement to the assault conviction, and we feel this was error.

In the instant case, there was no double enhancement of the handgun charge. The prior convictions were used to establish the status of the appellant and were never used again in relation to that charge, being specifically excluded from the PFO proceedings, as we have said.

The prior convictions were never utilized, in any manner, in the proof of the substantive offense of first degree robbery. They were not an element of the offense nor was the status of the appellant as a prior felon in any way connected with the facts that he drew a handgun on two persons, robbed them of money, fled the scene, and was

apprehended shortly thereafter with the money on his person. Having never been introduced as an element of the substantive offense, there is simply no way that introduction of his prior convictions for the first time during the persistent felony proceedings could possibly constitute double enhancement.

To the extent that *Boulder v. Commonwealth, supra,* is inconsistent herewith, it is specifically overruled.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.