**COMMONWEALTH of Kentucky TRANSPORTATION CABINET DEPARTMENT OF VEHICLE REGULATION and Jerome L. Lentz, Acting Commissioner, Department of Vehicle Regulation, Transportation Cabinet, Appellants,**

v.

**Johnny L. MULLINS, Appellee.**

No. 90–CA–2111–S.

Court of Appeals of Kentucky.

March 29, 1991.

Rehearing Denied May 31, 1991.

Discretionary Review Denied by Supreme Court Aug. 21, 1991.

Patricia K. Foley, Frankfort, for appellants.

Norman R. Lemme, Edith R. Rutter, Shepherdsville, for appellee.

Before LESTER, C.J., and CLAYTON and HOWARD, JJ.

LESTER, Chief Judge.

This is an appeal from an order entered upon an opinion determining that appellants' order revoking appellee's operator's license was void because it was signed by the Acting Commissioner instead of the Secretary of the Transportation Cabinet.

No person in this Commonwealth has an absolute right to operate a motor vehicle upon the streets or highways of this state, but rather it is a privilege extended to qualified members of the public through enactment of the General Assembly. KRS 186.410. It requires no extensive legal training to understand the concept that the Legislature may attach various conditions to the extension of this privilege, one of which is that no intoxicated individual may do so, KRS 189.520(1), nor may a habitual drunk and/or drug addict do likewise. KRS 186.440. In other words, to drive a vehicle in Kentucky a person must have an operator's license and be sober during the operation.

It requires no lengthy dissertation to point out that many drunks have been driving motor vehicles in this state which resulted in multiple deaths and injuries to the innocent as well as to the not so innocent. Our General Assembly met this challenge in 1984 by the enactment of KRS 186.565 providing for mandatory testing for alcohol in the blood, provision for what should be done in the event of refusal and basic due process steps for the revocation of the license in the event of that refusal. Little argument can be offered for the proposition that the law had as its prime purpose to get the intoxicated "out from behind the wheel." This is the substance of the statute.

In the mechanical sections of the Act the Legislature provided for certain procedures, one of which granted the offender a hearing prior to the revocation by the Secretary of the Transportation Cabinet or his designated examiner. Findings of fact, ruling of law and a recommendation of either revocation or no action would be made to the Secretary who "within ten (10) days after the completion of the hearing shall order either," and the several courses of action are enumerated. KRS 186.565(4).

In the case at bench, Johnny L. Mullins had the statutory hearing and his operator's license was suspended in an order signed by Jerome L. Lentz, Acting Commissioner, Department of Vehicle Regulation, Transportation Cabinet. Mullins managed to convince the court below that since the Secretary did not sign the order then there was no strict compliance with the statute and it was therefore void. We don't buy it!

First, it should be noted that we are not dealing with a criminal law which normally demands strict construction in favor of a defendant; *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615 (1980), but rather a remedial statute in relation to which:

It is a general rule of law that statutes which are remedial in nature are entitled to a liberal construction in favor of the remedy provided by law, or in favor of those entitled to the benefits of the statute. This is true of a curative statute having a remedial purpose, or statutes

seeking the correction of recognized errors and abuses, remedying defects in earlier acts, or implying an intention to reform or extend existing rights. The rule also applies to statutes having for their design the simplification of procedure and the removal of technicalities in connection therewith. 73 Am.Jur.2d *Statutes*, § 278 (1974).

The remedy to be effected is to get the drunken driver off the road and as to how this is accomplished is merely procedural. When Mullins refused the test after driving intoxicated on I–65, he had a due process hearing, and we find it immaterial who signed the order of suspension as long as that individual did so in an official capacity.

Effective on the same date (July 13, 1984) as KRS 186.565 was KRS 174.015 which was an organizational Act dealing with the Transportation Cabinet and providing for various Commissioners who:

> ... shall perform such functions, powers and duties as provided by law and as the secretary shall prescribe and shall be directly responsible to the secretary.

Pursuant to the Secretary's official Orders Nos. 81021 and 90105, the Commissioner of the Department of Vehicle Regulation was designated to sign all orders required under KRS 186.565. KRS 174.015 is not even mentioned in the trial court's opinion and appellee contents himself with the statement:

> The law, KRS 186.565, does not allow a duly authorized agent to perform the duty of revoking an operator's license for failure to submit to a chemical test.

Lest there be any doubt, KRS 174.015 has so authorized since 1984 and does so to this day.

The judgment is reversed with directions to overrule the plaintiff-appellee's motion for judgment on the pleading and by appropriate entry reinstate appellant's final order of April 6, 1990.

All concur.