Larry Joe CORMAN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 93–CA–002810–MR.

Court of Appeals of Kentucky.

April 28, 1995.

Discretionary Review Denied by
Supreme Court Nov. 15, 1995.

Frank W. Heft, Jr., Daniel T. Goyette, J.
David Niehaus, Louisville, for appellant.

Chris Gorman, Atty. Gen., Perry T. Ryan,
Asst. Atty. Gen., Frankfort, for appellee.

Before EMBERTON, McDONALD and
SCHRODER, JJ.

*OPINION*

SCHRODER, Judge:

This is an appeal from a judgment convicting appellant of driving under the influence, fourth offense (DUI 4th) and for being a persistent felony offender, second degree (PFO II). Appellant argued that the PFO II conviction resulted in a double enhancement of his punishment and was, therefore, impermissible. Since the prior felony underlying appellant's PFO II conviction was not the conviction which enhanced the appellant's current DUI conviction, there was no double enhancement and, thus, we affirm.

On December 28, 1992, appellant, Larry Corman, was indicted for DUI, 4th offense, failure to stop and render aid and reckless driving. On the same date, appellant was also charged in a separate indictment with PFO II. That indictment stated that it was based on appellant's prior felony conviction on November 28, 1989 for operating a motor vehicle (OMV) while license is revoked or suspended for DUI, 3rd offense.

In a hearing on the motion to dismiss the indictment for PFO II, the defense maintained that the prior DUI convictions, which caused appellant to be indicted for the felony of 4th offense DUI, had been previously used in 1989 to prove the felony of 3rd offense OMV while license is revoked or suspended for DUI, which was the prior felony on which

the PFO II charge was based. The defense argued, therefore, that enhancement of the DUI 4th offense pursuant to the PFO II charge constituted double enhancement, which is impermissible under *Heady v. Commonwealth*, Ky., 597 S.W.2d 613 (1980). After the court denied appellant's motion to dismiss the indictment, appellant entered a conditional guilty plea to DUI 4th offense, failure to stop and render aid, reckless driving, and PFO II. He was sentenced to three years imprisonment on the DUI 4th offense, which was enhanced to five years as a result of the PFO II conviction. The appellant reserved the right to appeal the PFO II conviction on the grounds asserted in his motion to dismiss the PFO indictment, and he now so appeals.

In *Heady, supra,* the defendant was charged with carrying a concealed deadly weapon (CCDW), which was enhanced to a felony because of the defendant's prior felony conviction. The defendant was also charged with PFO I, and the same prior felony which was used to enhance the CCDW charge was used as the basis of the PFO charge. The Court held that the Commonwealth was not entitled to enhance what would ordinarily be a misdemeanor weapons charge to a felony "and then use the conviction of that felony to 'trigger' further enhanced punishment via the persistent felony offender statute." *Id.* at 613. At first blush, this case would seem to say that any offense which has been enhanced to a felony cannot be further enhanced under the PFO statute. However, subsequent cases which interpret *Heady* make it clear that the case turns on the fact that the *same* prior felony which enhanced the CCDW charge was used as the underlying felony for the PFO charge. *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615 (1980) overruled in part by *Dale v. Commonwealth*, Ky., 715 S.W.2d 227 (1986); *Jackson v. Commonwealth*, Ky., 650 S.W.2d 250 (1983); *Eary v. Commonwealth*, Ky., 659 S.W.2d 198 (1983); *Commonwealth v. Grimes*, Ky., 698 S.W.2d 836 (1985).

■ The rule is now established that when a single prior felony is utilized to create an offense or enhance a punishment at the trial of the second crime, that same prior felony cannot be used at that trial to prosecute the defendant as a persistent felony offender. *Eary, supra; Jackson, supra; Boulder, supra.* If, however, the prior felony used to underlie PFO conviction is a separate prior felony from the one used to create the offense or enhance its punishment, the offense can be further enhanced under the PFO statute. *Eary, supra.* In *Eary,* the defendant had previously been convicted of four felonies. One of the felonies was used at a subsequent trial to establish the defendant's conviction for possession of a handgun by a convicted felon, while the other three convictions were utilized at that trial to convict the defendant of PFO I. The Court held:

> Where a defendant is convicted at his trial for possession of a handgun by a convicted felon and has been previously convicted of more than one prior felony, those convictions in excess of that for a single felony may be utilized for the purpose of persistent felony offender sentencing pursuant to KRS 532.080.

*Id.* at 200.

In the case at bar, appellant argues that because his prior felony conviction for 3rd offense OMV while license is revoked or suspended for a DUI conviction was a result of his prior DUI convictions, said felony cannot now be used to enhance his DUI 4th charge to a PFO because those same prior DUI convictions were used to enhance the present DUI conviction to the felony of DUI 4th offense. Appellant contends that the Commonwealth is, in essence, using the same prior DUI convictions to enhance his present DUI conviction to the felony of 4th offense and to enhance the DUI 4th charge to a PFO which constitutes impermissible double enhancement under *Heady, supra.* We disagree.

The statute under which appellant was prosecuted in 1989 for his prior felony was KRS 189A.090, which provides in pertinent part:

> No person shall operate a motor vehicle while his license is revoked or suspended for violation of KRS 189A.010, nor shall any person who has no motor vehicle or motorcycle operator's license operate a

motor vehicle while his privilege to operate a motor vehicle has been revoked or suspended for a violation of KRS 189A.010.

While prosecution for a violation of KRS 189A.090 does require that the defendant have his license revoked or suspended for a violation of KRS 189A.010 (DUI), KRS 189A.090 is a completely separate offense from KRS 189A.010. Violations of KRS 189A.010 do not alone give rise to a charge under KRS 189A.090. The defendant must also have his license revoked (KRS 189A.070) for such violation, and then the defendant must be found to have been operating a motor vehicle while said license was revoked (and must be so convicted three times in order for the offense to be a felony under 189A.090(2)(c)). As the prior DUI convictions are separate convictions from the OMV on a revoked license charge, the case is distinguishable from *Heady, supra,* and under *Eary, supra,* it was not double enhancement for the court to allow the OMV for revoked license charge to enhance the DUI 4th charge for PFO purposes. Accordingly, we affirm.

All concur.