Michael NEWCOMB, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 96–CA–2208–MR.

Court of Appeals of Kentucky.

March 6, 1998.

Gene Lewter, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Cindy Goldhill Schwartz, Assistant Attorney General, Frankfort, for Appellee.

Before BUCKINGHAM, GARDNER and SCHRODER, JJ.

**OPINION**

BUCKINGHAM, Judge.

Michael Newcomb (Newcomb) appeals from a judgment of the Fayette Circuit Court finding him guilty of the offenses of operating a motor vehicle (OMV) while license is revoked or suspended for driving under the influence (DUI)—third offense, giving an officer a false name, and being a first-degree persistent felony offender (PFO). Finding no error, we affirm.

In January 1996, Newcomb was arrested and charged with OMV while license is revoked or suspended for DUI. *See* Kentucky Revised Statute (KRS) 189A.090. Newcomb had previous convictions for that offense in 1991, 1992, and 1994. As his 1994 conviction was his third offense, it resulted in his conviction of a Class D felony at that time. KRS 189A.090(2)(c). Newcomb also had been convicted of a felony offense in 1974.

The 1996 indictment by the grand jury charged Newcomb with OMV while license is revoked or suspended—third offense, based on his 1991 and 1992 prior offenses. The indictment also charged Newcomb with first-degree PFO based on the 1974 felony and the 1994 felony OMV conviction. The trial court denied Newcomb's motion to dismiss the PFO charge, and the jury convicted him of OMV while license is suspended or revoked—third offense, giving an officer a false name, and first-degree PFO. Newcomb was sentenced to one year on the OMV charge which was enhanced to ten years by the PFO charge. The trial court probated the ten-year sentence based on the circumstances surrounding the OMV offense, and this appeal by Newcomb followed.

Newcomb's first allegation of error is that the PFO charge should have been dismissed on the basis of double enhancement, since the same prior charges (the 1991 and 1992 misdemeanor OMV convictions) which were used to make the OMV charge herein a felony had also been used in 1994 to enhance that OMV charge to a felony which led to its use as a prior felony to support the PFO charge herein. In support of his argument, Newcomb relies on *Heady v. Commonwealth*, Ky., 597 S.W.2d 613 (1980), as interpreted by

*Corman v. Commonwealth*, Ky.App., 908 S.W.2d 122 (1995).

In *Heady*, the defendant was charged with carrying a concealed weapon which is ordinarily a misdemeanor. However, Heady had previously been convicted of an armed robbery involving a deadly weapon. That conviction upgraded his misdemeanor carrying a concealed weapon offense to a felony, and his sentence was set at four years of imprisonment. His punishment was then enhanced to twenty years, as he was declared to be a first-degree PFO. The court held that prosecution as a PFO was impermissible since the misdemeanor charge could not be enhanced to a felony and then used again to "trigger" further enhanced punishment. *Id.* at 613.

In *Corman, supra,* the defendant was convicted of DUI—fourth offense, and for being a second-degree PFO. The defendant's prior felony conviction was for OMV while license is revoked or suspended for DUI—third offense. Corman maintained that the prior DUI offenses which caused him to be indicted for the felony of DUI—fourth offense had been previously used to prove the felony of third-offense OMV while license is revoked or suspended for DUI, the prior felony on which the PFO charge was based. Finding that the prior DUI convictions are separate convictions from the OMV conviction, this court held that there was not double enhancement and that Corman's case was distinguishable from *Heady*.

In order to properly analyze the issue herein, reference to several other cases is appropriate. In *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615 (1980), the defendant's prior felony assault conviction resulted in his being charged with possession of a handgun by a convicted felon. As possession of a handgun is ordinarily not a crime, Boulder's prior felony conviction resulted in the creation of a felony offense. The Kentucky Supreme Court ruled that subsequent PFO enhancement of punishment was impermissible *in the same trial* when the prior felony was used to create a crime and then to enhance its punishment. *See Jackson v. Commonwealth*, Ky., 650 S.W.2d 250, 251 (1983).

In *Jackson*, the defendant had prior felony convictions for robbery and possession of a handgun by a convicted felon. When Jackson was sought to be prosecuted at a later date on charges of burglary and first-degree PFO, the Kentucky Supreme Court held that "where an accused has been previously convicted of the crime of possession of a handgun by a convicted felon, that conviction assumes the status of any other offense at a subsequent trial and that both the felony conviction which was the basis of the handgun offense and the handgun offense may be utilized under KRS 532.080 in the persistent felony phase of the trial." *Id.* at 251–52.

In *Eary v. Commonwealth*, Ky., 659 S.W.2d 198 (1983), the defendant had four prior felonies and was faced with charges of possession of a handgun by a convicted felon and first-degree PFO. The Kentucky Supreme Court held that it was permissible to use one of the felonies to support the handgun charge and the other felonies to support the PFO charge.

■ The case sub judice is similar to the *Eary* case in that some of the prior offenses are used to enhance the charged offense to a felony while another prior offense is used for PFO enhancement. This is permissible. *Eary, supra* at 200. This case is also similar to the *Jackson* case in that a prior felony used to support the PFO charge had itself been created or enhanced due to another offense. As stated in that case, "that conviction assumes the status of any other offense at a subsequent trial...." *Jackson, supra* at 251.

As that relates to this case, the 1991 and 1992 OMV offenses may be used to enhance the present OMV charge to a felony. The 1994 felony OMV charge has "the status of any other offense at a subsequent trial," *id.*, and may be used to support the PFO charge without constituting double enhancement.

Newcomb's next argument is that the Commonwealth was guilty of misconduct by introducing evidence of the prior OMV while license is revoked or suspended for DUI charge in the guilt phase of his trial before the trial court had ruled on the issue of its admissibility. Prior to trial, the attorneys and the trial judge had discussed whether the prior convictions could be introduced in the guilt phase of the trial. The trial court made no ruling prior to trial, and the Commonwealth introduced the prior convictions into evidence during the guilt phase with no objection being made by Newcomb's attorney. The Commonwealth now concedes that the introduction of the prior convictions was error under *Commonwealth v. Ramsey*, Ky., 920 S.W.2d 526 (1996), which was rendered approximately two months prior to Newcomb's trial. While the Commonwealth argues that the issue was not properly preserved for appellate review due to failure of Newcomb's counsel to object and that any error was harmless pursuant to RCr 9.24, Newcomb argues that the introduction of the convictions was prejudicial and palpable error under RCr 10.26.

■ The general rule is that a party must make a proper objection to the trial court and request a ruling on that objection or else the issue is deemed waived and not eligible for appellate consideration. *See e.g. Bell v. Commonwealth*, Ky., 473 S.W.2d 820, 821 (1971). Also, failure to object to alleged prosecutorial misconduct has been deemed a waiver of the alleged error on appeal. *Johnson v. Commonwealth*, Ky., 892 S.W.2d 558, 562 (1994). Nevertheless, an appellate court may consider an issue that was not preserved for appellate review if it deems the error to be a "palpable" one which affected the defendant's "substantial rights" and resulted in "manifest injustice[.]" RCr 10.26.

■ In determining whether an error is prejudicial or harmless "an appellate court must consider whether on the whole case there is a substantial possibility that the result would have been any different." *Commonwealth v. McIntosh*, Ky., 646 S.W.2d 43, 45 (1983). A harmless error is "any error or defect in the proceeding that does not affect the substantial rights of the parties." RCr 9.24. The weight of the evidence and the amount of punishment imposed are factors available to determine if an error is harmless. *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949, 953 (1969).

When Newcomb testified at trial, he admitted that he was driving while his license was revoked or suspended due to DUI. Furthermore, he received the minimum sentence of one year. The error in admitting the convictions was harmless under these circumstances.

Newcomb's final argument is that the trial court erred by overruling his motion for a new trial based on the introduction of his prior convictions during the guilt phase. In light of the overwhelming evidence of Newcomb's guilt, the fact that he received the minimum sentence, and his failure to object to the admissibility of the convictions, we find no abuse of discretion in the trial court's denial of Newcomb's motion for a new trial. *Johnson, supra* at 563.

The judgment of the Fayette Circuit Court is affirmed.

All concur.