**Marcus BATES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–CA–002070–MR.

Court of Appeals of Kentucky.

Oct. 17, 2008.

---

Marcus Bates, Burgin, KY, pro se.

Jack Conway, Attorney General of Kentucky, Michael L. Harned, Assistant Attorney General, Frankfort, KY, for appellee.

Before MOORE, NICKELL, and STUMBO, Judges.

*OPINION*

MOORE, Judge.

Marcus Bates appeals from the Hardin Circuit Court's order denying his CR[1] 60.02 motion. After a careful review of the record, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Before the events in the present case occurred, Bates was convicted on three felony indictments for trafficking in a controlled substance; *i.e.*, case numbers 93–CR–229, 93–CR–300, and 93–CR–301. He was sentenced to concurrent terms of five years of imprisonment for each of those convictions. Additionally, Bates was convicted of attempted murder and first-degree wanton endangerment in case number 94–CR–77. He was sentenced to serve a total of sixteen years of imprisonment for those two convictions.

In the present case, Bates was charged with possession of a handgun by a convicted felon, tampering with physical evidence, and of being a second-degree persistent felony offender (PFO–2nd). Bates pleaded guilty to all charges, and he received PFO-enhanced penalties of: (1) ten years of imprisonment for the possession of a handgun by a convicted felon conviction; and (2) five years of imprisonment for the tampering with physical evidence conviction.

Bates thereafter filed a CR 60.02 motion in the circuit court, alleging that pursuant to KRS[2] 532.080(4) his concurrent sentences for his convictions in case numbers 93–CR–229, 93–CR–300, and 93–CR–301, and his consecutive sentence for his conviction in case number 94–CR–77 merge and count as only one prior felony conviction. Bates reasoned that because these combined convictions constituted only one prior felony conviction and because that conviction was used to support his present conviction for possession of a handgun by a convicted felon, it could not also be used to support his PFO conviction and sentence enhancements. Thus, Bates asserted that his PFO–2nd conviction should be dismissed and his sentences in the present case for possession of a handgun by a convicted felon and tampering with physical evidence should be corrected so that they are no longer enhanced by the PFO–2nd conviction.

The circuit court denied Bates's CR 60.02 motion. Bates now appeals, raising the same claims that he asserted in the circuit court in his CR 60.02 motion.

## II. STANDARD OF REVIEW

On appeal, we review the denial of a CR 60.02 motion for an abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky.App.2000). In his motion brought in the circuit court, Bates alleged that he was entitled to relief under CR 60.02(e), which states as follows:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: ... (e) the judgment is void, or has been satisfied, released, or dis-

1. Kentucky Rule of Civil Procedure.

2. Kentucky Revised Statute.

charged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]

### III. ANALYSIS

Kentucky Revised Statute 532.080(2) defines PFO–2nd, to which Bates pleaded guilty in the present case, as: "A persistent felony offender in the second degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of one (1) previous felony. . . ."

■ Bates relies upon another section of KRS 532.080 in support of his present claim that his prior convictions count only as one prior felony conviction. Specifically, Bates cites KRS 532.080(4) in support of this allegation, which provides as follows:

> For the purpose of determining whether a person has two (2) or more previous felony convictions, two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one (1) conviction, unless one (1) of the convictions was for an offense committed while that person was imprisoned.

(Emphasis added).

Bates's argument is misplaced, as KRS 532.080(4) specifically applies to instances where it is necessary to determine whether a person has had "two (2) or more previous felony convictions," as is necessary to determine a defendant's guilt on the charge of PFO–1st. *Compare* KRS 532.080(4), *with* KRS 532.080(3). Yet, Bates was not charged with PFO–1st; rather, he was charged with PFO–2nd, which requires him to have only been convicted of one prior felony. *See* KRS 532.080(2). Therefore, KRS 532.080(4) is inapplicable to Bates's case. *See Morrow v. Commonwealth*, 77 S.W.3d 558, 562 (Ky. 2002) (holding that KRS 532.080(4) concerns the determination of whether a defendant qualifies as a first-degree persistent felony offender under KRS 532.080(3)).

■ Furthermore, any of Bates's prior felony convictions in case numbers 93–CR–229, 93–CR–300, 93–CR–301, or 94–CR–77 were permitted to be used to support his present KRS 527.040 conviction for possession of a handgun by a convicted felon, and any of his remaining prior felony convictions could have then been used to support his present PFO–2nd conviction and sentence enhancements. Thus, it was not improper for Bates to be convicted of both possession of a handgun by a convicted felon, as well as PFO–2nd.

Our analysis is supported by *Eary v. Commonwealth*, 659 S.W.2d 198 (Ky.1983). Eary was convicted of possession of a handgun by a convicted felon and of being a first-degree persistent felony offender. He contended that this violated his right against double jeopardy. The Kentucky Supreme Court rejected this claim, reasoning that:

> Eary had been previously convicted of four felonies, viz., first-degree burglary, first-degree bail jumping, storehouse breaking and possession of burglary tools. Only the previous conviction for bail jumping was utilized for the purpose of creating the offense of carrying a handgun by a convicted felon. The other three convictions were utilized subsequently at the persistent felony stage of the trial. We find no error in this procedure.

*Eary*, 659 S.W.2d at 199.

Therefore, pursuant to the reasoning in *Eary*, because any one of Bates's prior felony convictions could have been used to

support his possession of a handgun by a convicted felon conviction, and any of his remaining prior felony convictions could have then been used to support his PFO–2nd conviction, Bates's right against double jeopardy was not violated. Consequently, the circuit court did not abuse its discretion when it denied Bates's CR 60.02 motion.

Accordingly, the order of the Hardin Circuit Court is affirmed.

ALL CONCUR.